WOODWARD *v.* INSURANCE CO.

*(Nashville.*    January  20,  1900.)

1. PRACTICE.  *Opening and closing case.*

It is not reversible error for the Court to refuse to permit the defendant, in an action on an insurance policy, to open and close the case, although he has admitted all facts and issues essential to a *prima facie* right of recovery by the plaintiff, and seeks to avoid liability alone by reason of alleged false and fraudulent statements of deceased in a certificate of health, upon faith of which the policy had been renewed after it had lapsed for failure to pay premium.  *(Post, pp. 51, 52.)*

Cases cited and approved: McBee *v.* Bowman, 89 Tenn., 134; Alloway *v.* Nashville, 88 Tenn., 527.

2. LIFE INSURANCE.  *False statements of assured that do not avoid policy.*

False statements of the assured, in a health certificate upon faith of which a lapsed life policy has been renewed, to the effect that he had not had certain diseases or consulted a physician, during the lapsed period, will not render the policy void unless the diseases with which he was afflicted were permanent, habitual, and constitutional, indicating some vice in the constitution and having some bearing upon the general health and continuance of life.   Mere temporary ailments that are curable and pass away will not suffice.  *(Post, pp. 52–54.)*

Case cited: K. of P. *v.* Cogbill, 99 Tenn., 28.

3. EVIDENCE.  *Opinions of experts.*

The weight to be given an expert's opinion upon a hypothetical case depends upon the correspondence and agreement of the hypothetical case with the case under consideration.  *(Post, pp. 54, 55.)*

---

FROM  DAVIDSON.

---

Appeal  in  error  from  Circuit  Court  of  Davidson  County.   J.  W.  BONNER,  J.

20 P—4

JOHN CARUTHERS for Woodward.

WHITMAN & GAMBLE for Insurance Co.

W. L. GRIGSBY, J.* This is an action upon a policy for $1,000 issued by defendant, Iowa Life Insurance Co., to the plaintiff's husband, James W. Woodward, on the sixteenth day of October, 1896.

James W. Woodward, the insured, paid the premiums for a year, beginning on the sixteenth day of October, 1896. When the year expired, it seems that he let his policy lapse, and in order to have his policy reinstated it became necessary, or was required, that he give what is called a health certificate covering the period between the issuance of the policy, in 1896, to the date of reinstating, November 16, 1897. This certificate was signed by the insured, and all premiums paid and policy reinstated. The certificate signed by the insured warrants that he had had no sickness, ailment, injury, accidents, and had not been treated or consulted by any physician after the original application for the policy.

Woodward died on the thirteenth day of May, 1898, and this suit was brought to collect the amount stipulated in the policy.

The defendant below relies alone upon the certificate called the health certificate as a defense to the action—that is, that the statements made in the certificate were false and fraudulent. The

*Appointed to serve during the absence of Judge McAlister on account of sickness.—REPORTER.

case went to the jury on the proof introduced by both parties, argument of counsel and the charge of the Court, resulting in a judgment for $1,000 and interest $30.50, aggregating $1,030.50.

The first error assigned was the refusal of the Circuit Judge to allow the defendant below to open and close the case, claiming the right because the defendant below had admitted all the issues tendered by the plaintiff in his declaration— that is, the issuance of the policy, the death of the insured, the amount of the policy, and claimed to be the only party to the suit who did tender an issue, and that issue was the estoppel of the plaintiff by reason of false statements in the certificate upon which the renewed policy was issued.

This position is insisted upon with great force, and numerous authorities cited in support of same. We note the case of *Kent, Admr.,* v. *Mason, Ex.,* 79 Ill., page 541. In that case the Court held where the issue in a suit upon a promissory note is payment, the plea of payment admits the execution of the note, and the affirmative is with the defendant upon the issue of payment, consequently he has the right to open and close to the jury.

Case of *McReynolds et als.* v. *B. & O. Ry. Co.,* 106 Ill., page 153, holds that the party against whom judgment would be given as to a particular issue, whether affirmative or negative, in

case no proof was offered on either side, has the burden of proof, and has the right to open and close the case whether plaintiff or defendant.

In the case of *Huddle* v. *Martin et al.,* 54 Ill., page 256, it was held that although a party was denied the right to open and close the case, it would be insufficient of itself to reverse a judgment when a fair trial had been had upon the merits and on proper instructions. This Court, in the case of *McBee* v. *Bowman,* 5 Pickle, 134, and case of *Alloway* v. *Nashville,* 4 Pickle, 527, gives the proper rule. Taking the authorities together we find that the opening and closing is largely in the discretion of the Court, and if any proof is introduced tending to establish any one of the issues submitted by the plaintiff, it would be proper for the plaintiff, under such circumstances, to open and close the case.

We find no reversible error in the refusal of the Circuit Judge to allow the defendant below to open and close the case.

The next assignment, and most important one, is an assigned error in the charge of · the Court, as follows: "That in order to affect the policy sued on, the jury must find that though James W. Woodward had had consumption, la grippe, or any other disease after taking out of this policy, and before he gave the health certificate upon which he was reinstated, it must appear that said disease or ailment was· permanent, habitual, and a

constitutional affliction indicating vice in the constitution, and having some bearing upon the general health, and the continuance of his life." This part of the charge is assigned as error. An inspection of the charge shows that the Court went further in this same connection, and charged the jury that "if you find from the proof that James W. Woodward was reinstated as a policy holder, and his policy renewed upon the faith of, and because of his signing said health certificate, and having the same forwarded to the defendant company; if you further find that between October 16, 1896, and November 16, 1897, James W. Woodward had consulted, or been prescribed for, by some physician for any disease or ailment which was a permanent, habitual, and constitutional affliction indicating a vice in the constitution, and having some bearing upon his general health, or the continuance of his life, then whether such disease or ailment was consumption, la grippe, or something else, you should find for the defendant." The Circuit Judge also charged that "if the said James W. Woodward consulted a physician, or was prescribed for by a physician between the times mentioned, for a disease or ailment that was merely temporary, such as was curable and passed away, and was not a permanent, habitual, and constitutional affliction, and indicated no vice in his constitution, and had no bearing upon his

general health and the continuance of his life, in such case you should find for the plaintiff."

We have quoted this much of the charge in order that it may be seen that the trial Judge in fact covered the objection of the defendant below in a very favorable and pointed way.

This Court, in the case of *Knights of Pythias v. Cogbill,* 99 Tennessee Reports, 28, held an applicant for life insurance, though warranting the truth of statements and answers made to the medical examiner, is not required to know and state in his application with absolute certainty his real physical condition and predisposition to different diseases, but it is sufficient if he in good faith discloses fully and truthfully all that he knows about his past and present health.

The sixth assignment of error complains of the charge of the trial Judge in reference to expert testimony. The trial Judge instructed the jury that where physicians who are witnesses in the case have testified as to matters within their personal knowledge, their testimony is to be weighed just like that of other witnesses. Where they have given opinions upon a supposed state of facts, the value of their testimony must depend upon the agreement or nonagreement of the supposed case with the actual facts of this particular case. Mere opinions cannot prevail over actual facts.

The above is the substance of the charge on

that point, and we can see no harm that it would possibly bring to the defendant below.

The question of health, sickness, consulting physicians, and deception or nondeception were all facts properly to be determined by the jury upon proper instructions from the Court, the jury found the facts in favor of the plaintiff below, and so returned their verdict. Judgment was rendered for $1,000 and interest, which is affirmed by this Court.