# MUTUAL LIFE INS. CO. OF NEW YORK v. MORGAN.

### No. 2371.   Opinion Filed May 20, 1913.

### On Rehearing September 2, 1913.

### (135 Pac. 279.)

1.   **INSURANCE—Avoidance for Misrepresentations—Statements in Application.** Statements in an application for life insurance are representations only, and not warranties, where the application is not incorporated in the policy nor made a part of it by reference or otherwise, although in the application the insured warrants that his answers and statements therein are true.

2.   **SAME—Materiality.** Representations and statements in an application for life insurance, not strictly true, will not avoid the policy issued upon the application, unless they are material and substantially untrue, where they do not amount to warranties.

3.   **SAME—Health of Insured.** The fact that an applicant for life insurance is temporarily indisposed at the time of making the application will not avoid the policy, if the illness is not of a character to permanently affect his health, or render him more susceptible to the attack of disease, although he represents in the application that he is in good health at the time.

4.   **SAME.** A temporary indisposition at the time a policy of life insurance is delivered, not likely to permanently impair the health or render the person more susceptible to the attack of disease, will not avoid a policy of life insurance, though it is agreed in the application, not a part of the policy, that the policy shall not take effect unless delivered while the applicant is in good health.

5.   **SAME—Medical Attendance.** In the Indian Territory prior to statehood, the fact that the insured had consulted several physicians within five years before the policy was written would not avoid the policy, provided the consultation was with reference to slight and temporary ailments, although the application contained a statement that the insured had only consulted one physician in the preceding five years.

## On Rehearing.

6.   **INSURANCE — Construction of Policy — Application as Part of Policy.** References in a life insurance policy to the application therefor in terms as follows: ''Occupation: This policy is free from any restrictions as to military or naval service, and, as to other occupations of the insured, it is free from any restriction after one year from its date, as set forth in the provisions of the application indorsed hereon or attached hereto. Suicide:

The company shall not be liable hereunder in the event of the insured's death by his own act, whether sane or insane, during the period of one year after the issuance of this policy, as set forth in the provisions of the application indorsed hereon or attached hereto''—do not make the application a part of the policy, so as to render the statements in the application warranties rather than mere representations.

(Syllabus by Rosser, C.)

*Error from District Court, Garvin County;*
*R. McMillan, Judge.*

Action by Barbara E. Morgan against the Mutual Life Insurance Company of New York. Judgment for the plaintiff, and defendant brings error. Affirmed.

*J. B. Thompson,* for plaintiff in error.

*H. M. Carr,* for defendant in error.

Opinion by ROSSER, C. This is an action on a fifteen-year term policy of life insurance on the life of Marcus L. Morgan. The policy was issued in the Indian Territory prior to statehood, and the insured died prior to statehood. The issuing of the policy, the payment of the premiums, and the death of the insured are admitted. The defense is based upon certain statements in the written application for the policy, which are alleged to have been false. Morgan agreed in the application that all of his statements and answers in the application to the company's medical examiner were warranted to be true, and were offered to the company as a consideration for the contract. The application also contained the agreement that the policy should not take effect unless issued and delivered during his continuance in good health. The defendant alleges that the policy of insurance was not issued and delivered during the good health of the insured, and that the statement of the insured that Dr. N. H. Lindsay, of Pauls Valley, was the only physician whom he had consulted in the five years immediately preceding the making of the statements was not true; that he was in bad health at the time the policy was issued and delivered; and that he had consulted with and been prescribed for by numerous physicians besides Dr. Lindsay within the five years next before the policy was issued.

The first question involved is whether the statements of the application were warranties or only representations. Statements in an application should not be construed as warranties, unless the provisions of the application and policy taken together require that construction. *N. W. Mut. L. Ins. Co. v. Woods,* 54 Kan. 663, 39 Pac. 189. See, also, *Darrow v. Society,* 116 N. Y. 537, 22 N. E. 1093, 6 L. R. A. 495, 15 Am. St. Rep. 430; *Fitch v. Insurance Company,* 59 N. Y. 572, 17 Am. Rep. 372; *Moulor v. American L. Ins. Co.,* 111 U. S. 335, 4 Sup. Ct. 466, 28 L. Ed. 447. The application in this case was not referred to in the policy, nor made a part of it. The rule is that, where the application for insurance is not made a part of the policy, nor referred to in it, the statements of the application are representations only and not warranties. In such cases the beneficiary can prove his case without disclosing the application. When he proves the policy and the death, he has made a *prima facie* case. 2 Cooley's Briefs on Insurance, 1134; *Goddard v. East Texas Fire Ins. Co.,* 67 Tex. 69, 1 S. W. 906, 60 Am. Rep. 1; *Queen Ins. Co. v. May* (Tex. Civ. App.) 35 S. W. 829; *Fitzgerald v. Supreme Council,* 39 App. Div. 251, 56 N. Y. Supp. 1005. The statements of the application in this case, then, should be considered representations and not warranties, and the fact that they were not strictly true would not avoid the policy unless they were material. *Daniels v. Hudson River Fire Ins. Co.,* 12 Cush. (Mass.) 416, 59 Am. Dec. 192; *Miller v. Mut. Benefit L. Ins. Co.,* 31 Iowa, 216, 7 Am. Rep. 122; *Fitzgerald v. Supreme Council,* 39 App. Div. 251, 56 N. Y. Supp. 1005.

With reference to the effect of the statement in the application that the insured was in good health at the time the application was made, and the statement that Dr. Harve Lindsay, of Pauls Valley, was the only physician whom he had consulted in the previous five years, the court instructed the jury, in substance, that the statements as to ailments and the consulting of physicians would not avoid the policy unless material. Also that a temporary ailment, not contributing in any way to the death of the insured, was not material.

The testimony concerning the health of the insured at the time the application was made was conflicting, and the evidence was also conflicting as to the nature of the ailment for which he had consulted other physicians than Dr. Harve Lindsay. The failure of a person applying for insurance, in replying to a question in the application, as to the state of his health, to mention that he is slightly and temporarily indisposed at the time the policy is issued, if the indisposition is such as will not seriously or permanently affect his health, will not avoid a policy. Nor will the policy be avoided by a statement that he is in good health at the time, though he may be ill and suffering from a temporary ailment not of a character to permanently affect his health, and the fact that he is so temporarily ailing from some disorder not of a nature to permanently impair his general health at the time the policy is delivered will not avoid the policy, though the application provides that the policy shall not be binding unless delivered while the insured is in good health. *Mut. Life Ins. Co. v. Union Trust Co.,* 112 U. S. 256, 5 Sup. Ct. 119, 28 L. Ed. 708; *Valentini v. Metropolitan L. Ins. Co.,* 106 App. Div. 487, 94 N. Y. Supp. 758; *Woodward v. Insurance Co.,* 104 Tenn. 49, 56 S. W. 1020; *Fidelity Mut. L. Ins. Co. v. Ficklin,* 74 Md. 172, 21 Atl. 680, 23 Atl. 197; *Blumenthal v. Berkshire L. Ins. Co.,* 134 Mich. 216, 96 N. W. 17, 104 Am. St. Rep. 604; *Plumb v. Penn. Mut. L. Ins. Co.,* 108 Mich. 94, 65 N. W. 611; *Hann v. Nat'l Union Ins. Co.,* 97 Mich. 513, 56 N. W. 834, 37 Am. St. Rep. 365; *Pudritsky v. Knights of Honor,* 76 Mich. 428, 43 N. W. 373; *Brown v. Insurance Co.,* 65 Mich. 316, 32 N. W. 610, 8 Am. St. Rep. 894; *Billings v. Met. L. Ins. Co.,* 70 Vt. 477, 41 Atl. 516; *Northwestern Mut. L. Ins. Co. v. Heimann,* 93 Ind. 24; *Fidelity Mut. L. Ass'n v. Miller,* 92 Fed. 63, 34 C. C. A. 211.

As to whether or not a failure by the insured to disclose the names of all physicians who have treated him within a given time, or whom he has consulted within a given time, constitutes such a misrepresentation or concealment as will vitiate the policy is one upon which there is considerable conflict of opinion. This policy was written in the Indian Territory prior to statehood,

and the death occurred prior to statehood. The federal courts would have had jurisdiction of the case had not statehood intervened, and it is governed by the decisions of those courts. In the case of *Hubbard v. Mutual Reserve Fund Life Ass'n,* 100 Fed. 719, 40 C. C. A. 665, it was held that the question in an application for life insurance as to how long since the applicant had consulted a physician referred to a consultation about some substantial injury or ailment, and not concerning a slight and temporary indisposition. This opinion by the Circuit Court of Appeals is in point in this case, and it seems to establish the rule that, in order to avoid the policy for the failure of the application to give the names of all physicians with whom the insured had consulted within five years next before his death, the consultation must have been concerning some serious injury or ailment or disease. The rule is sustained by a number of authorities. See *Valentini v. Metropolitan Life Ins. Co.,* 106 App. Div. 487, 94 N. Y. Supp. 758, and cases there cited. The question of what rule should be followed in cases arising under the laws of Oklahoma is not decided.

A number of other questions are referred to in the brief of plaintiff in error; but none of them are controlling in view of the decision of the question discussed. The court's instructions were as favorable as plaintiff in error could expect. The evidence is strongly preponderating in favor of the good faith of the insured in taking the policy. The statements of the application being representations only, and not warranties, plaintiff in error would have been required to prove not only that the representations were not true, but that they were made in bad faith. *Moulor v. American Life Ins. Co.,* 111 U. S. 335, 4 Sup. Ct. 466, 28 L. Ed. 447; *Continental Casualty Co. v. Owen,* 38 Okla. 107, 131 Pac. 1084.

The judgment should be affirmed.

By the Court: It is so ordered.

ON REHEARING.

Opinion by ROSSER, C. The rehearing was granted in this case because the original opinion stated that the application was not referred to in the policy, nor made a part of it, and it was urged by the defendant company that this statement was incorrect. The policy did contain references to the application in the paragraphs as follows:

"Occupation.—This policy is free from any restriction as to military or naval service, and, as to other occupations of the insured, it is free from any restriction after one year from its date, as set forth in the provisions of the application indorsed hereon or attached hereto.

"Suicide.—The company shall not be liable hereunder in the event of the insured's death by his own act, whether sane or insane, during the period of one year after the issuance of this policy, as set forth in the provisions of the application indorsed hereon or attached hereto."

These references were not made in such a way as to make the application a part of the policy. In the case of *Farmers' Ins. Co. v. Snyder,* 16 Wend. (N. Y.) 481, 30 Am. Dec. 118, it was held that the reference to a survey in a fire insurance policy was not a warranty such as to render the policy void if the description in the survey was in part correct. In the case of *Campbell v. New England Mut. L. Ins. Co.,* 98 Mass. 381, the court said:

"When statements or engagements on the part of the insured are inserted, or referred to in the policy itself, it often becomes difficult to determine to which class they belong. If they appear on the face of the policy, they do not necessarily become warranties. Their character will depend upon the form of expression used, the apparent purpose of the insertion, and sometimes upon the connection, or relation to other parts of the instrument. If they are contained in a separate paper, referred to in such a manner as to make it a part of the contract, the same considerations, of course, will apply. But if the reference appears to be for a special purpose, and not with a view to import the separate paper into the policy as a part of the contract, the statements it contains will not thereby be changed from representations into warranties."

In the case of *Commonwealth's Ins. Co. v. Monninger,* 18 Ind. 352, the court said:

"We do not think the mere indication, in the policy, of the place where the application could be found on file, can be regarded as so referring to it as to make it a part of the policy. In this view we are strengthened by the language used, which appears to disclose the purpose for which the reference is made, namely, 'for a more particular description'; and if it does not exclude the conclusion, it at least does not warrant us in concluding that the reference was intended for the purpose of incorporating said application as part of the policy, so that in any court its statements could be regarded as warranties. We are aware that a paper, attached to a policy, may by express terms, etc., be made a part of it, and amount to a warranty. But it should be referred to expressly as forming a part of it. *Farmers' Ins. Co. v. Snyder,* 16 Wend. [N. Y.] 481, [30 Am. Dec. 118]; *Burrett v. Saratoga, etc.,* 5 Hill [N. Y.] 188 [40 Am. Dec. 345]; *Jefferson Ins. Co. v. Cotheal,* 7 Wend. [N. Y.] 72 [22 Am. Dec. 567]; *Andrews v. Essex, etc.,* 3 Mason, 6; *Jennings v. Chenango, etc.,* 2 Denio [N. Y.] 75; *Trench v. Chenango, etc.,* 7 Hill [N. Y.] 122."

To the same effect is *Williams v. New England Mut. F. Ins. Co.,* 31 Me. 219; *Columbia Ins. Co. v. Cooper,* 50 Pa. 331; 1 May on Ins. 314; 2 Cooley's Briefs on Ins. 1136.

The references above set out were not sufficient to make the application a part of the policy, and its statements were mere representations, as decided in the original opinion.

The judgment should therefore be affirmed.

By the Court:   It is so ordered.