## CAMPBELL v. BUSINESS MEN'S ASSUR. CO.*

District Court, W. D. Missouri, W. D.
May 28, 1928.

No. 6763.

*Judgment affirmed 32 F.(2d) ——.

Ludwick Graves (of Johnson, Lucas & Graves), of Kansas City, Mo., C. E. Feirich, of Carbondale, Ill., and W. R. Mayne (of Fordyce, Holliday & White), of St. Louis, Mo., for plaintiff.

Solon T. Gilmore and John Gilmore (of Gilmore, Brown & Gilmore), both of Kansas City, Mo., for defendant.

KENNAMER, District Judge. The evidence discloses that in December, 1918, the defendant issued to George A. Campbell of Carbondale, Ill., a full life indemnity policy providing indemnity in cases of sickness and for bodily injuries sustained through accidental means resulting in disability or loss of life. Because of nonpayment of the second annual premium this policy lapsed. The same agent, a Mr. Myers, who solicited the policy, called upon George A. Campbell at his grocery store in Carbondale, Ill., on the 1st day of June, 1920, and solicited him to reinstate his insurance by giving an application for a second policy.

The application for the original policy was filled out in the handwriting of the insured, Mr. Campbell. Mr. Myers testified that he filled out the second application, on June 1, 1920, and that the insured, Mr. Campbell, answered the questions for him.

The plaintiff, Mrs. Georgia A. Campbell, in substance testified that on June 1, 1920, when Mr. Myers came into the grocery store of her husband, they were very busy waiting on customers. Mr. Myers requested her husband to take out a policy. Her husband advised Mr. Myers that he did not have time to make out an application. Mr. Myers suggested to her husband that he sign the application in blank and furnish him the policy which had lapsed, and he would fill out the application. Mr. Campbell took the policy out of the safe and delivered it to Mr. Myers and signed the application in blank, and she gave Mr. Myers a check for the premium.

There is no contention made that the first application contained any false statements. There is evidence tending to show that, subsequent to the issuance of the first policy in December, 1918, the insured, George A. Campbell, made application for a life insurance policy to the Metropolitan Life Insurance Company of New York, which application was rejected because of the applicant's high blood pressure. The evidence strongly tends to show that the applicant never had high blood pressure and was in good health on the date Mr. Myers took his application for the policy involved in this action.

There is no direct evidence tending to show that George A. Campbell knew that his application for life insurance had been rejected, or, if so, for what reason.

The policy in suit was in force from June, 1920, until December, 1925, when the insured, George A. Campbell, died as a result of injuries which he received on October 4, 1925, in an automobile accident.

There is no provision in the policy sued on in this action providing that any false representation shall render the policy void. There is no statement contained in the application for insurance in the defendant association restricting the authority of the soliciting agent. The evidence of the agent, Mr. Myers, discloses that he had authority to solicit applications for insurance and collect the premiums therefor. It is clear from the evidence that the agent, Mr. Myers, was acting within the scope of his authority in obtaining applications and collecting premiums for insurance.

The application contained this provision: "The policy on this application is to take effect when received and accepted by me."

It was the contention of counsel for the defendant that the jury should have been directed to return a verdict for the defendant. It is argued that the answer to interrogatory No. 23 in the application: "Has any life, health or accident company over cancelled your insurance, rejected your application or refused to renew or re-instate you?" Answer: "No," was a warranty on the part

of the insured, and renders the policy void as a matter of law. This contention is based upon the theory that the only reasonable inference that could have been drawn from the testimony was that the insured had been rejected for life insurance by the Metropolitan Life Insurance Company of New York. With this contention I am unable to agree. In order to defeat a claim for insurance upon the ground that the insured made misrepresentations as to the risk in his application, the burden is upon the insurance company to show that the misrepresentations were made by the insured and were material and made without the fault or mistake of the insurance company. Hewey v. Metropolitan Life Ins. Co., 100 Me. 523, 62 A. 600; 32 Corpus Juris, p. 1333, §§ 601, 603, and 605; Union Mutual Life Insurance Co. v. Wilkinson, 13 Wall. p. 222, 20 L. Ed. 617.

■ The policy involved in this action, having been received and accepted in the state of Illinois must be treated as an Illinois contract. No controlling statute applicable to the interpretation of the policy and its provisions has been presented. In the absence of a definite stipulation in the policy rendering it void for any misrepresentations of fact in the application, it will not be assumed the insured took the policy with the understanding that it should be void per chance at any time it was discovered that there was the slightest deviation from the facts as stated in the application. Such a construction of the contract should be avoided, unless required by the plain provisions of the contract or established rules governing the interpretation of written instruments. Moulor v. American Life Insurance Co., 111 U. S. 335, 4 S. Ct. 466, 28 L. Ed. 447.

■ Unless it plainly appears that the parties intended the exact truth of the applicant's statement to be a condition precedent to a binding contract, the court should adopt the construction which imposes upon the insured no obligation of warranty. The most that the company required of the applicant, placing a fair interpretation upon the provisions of the application and policy as a condition precedent to a binding contract, was that the applicant would observe good faith towards it, make full and direct and honest answers to all questions, without evasion or fraud or misrepresentation or concealment. The evidence in this case clearly shows that the agent of the defendant company undertook to properly prepare the application of the insured. If the application contained any mistakes of fact or misrepresentations, it was the fault of the defendant's agent. However, it cannot be held as matter of law that the application contained any misstatements of fact, but, assuming it did, it was the fault of the defendant's agent.

■ Fraud as it relates to contracts may be defined as a false representation of fact with knowledge of its falsity, or recklessly made, intended that it should be acted on to the injury of the party misled. Southern Development Co. v. Silva, 125 U. S. 247, 8 S. Ct. 881, 31 L. Ed. 678; Cooper et al. v. Schlesinger et al., 111 U. S. 148, 4 S. Ct. 360, 28 L. Ed. 382.

■ The rule is well established by the authorities, except where altered by statute, to avoid a policy for breach of a warranty, it is only necessary that the matter warranted be false in fact. It is otherwise as to mere representation constituting an inducement to the making of the contract to avoid the policy, such representations must not only be with respect to a material matter and false in fact, but it must be established that such representations were knowingly made with intent to deceive. Chadwick v. Beneficial Life Ins. Co., 54 Utah, 443, 181 P. 448; Lieberman v. American Bonding & Casualty Co. (Mo. App.) 244 S. W. 102.

This is the applicable rule to insurance contracts where the representations and statements in the application do not amount to warranties. Mutual Life Ins. Co. of New York v. Morgan, 39 Okl. 205, 135 P. 279; Penn Mutual Life Ins. Co. v. Mechanic's Saving's Bank & Trust Co. (C. C. A.) 72 F. 413.

■ A misrepresentation renders the policy void on the ground of fraud, whilst noncompliance with a warranty constitutes an express breach of the contract. Owen v. U. S. Surety Co., 38 Okl. 123, 131 P. 1091.

■ Ordinarily, in an action on an accident insurance policy, the alleged fraud of the insured in procuring the policy by misstating material facts affecting the risk assumed, where the evidence is conflicting as to the issue of fraud raised by the pleadings, the question of fraud should be submitted to the jury. Missouri State Life Insurance Co. v. Pater, 15 F.(2d) 737 (C. C. A. 7).

Furthermore, in this case the evidence strongly supports the inference that the misstatement of facts, if any, appearing in the application, was caused by the act of the defendant's agent.

■ The applicable and controlling rule in such cases was announced in Union Mutual Life Insurance Co. v. Wilkinson, 13 Wall. p. 222, 20 L. Ed. 617:

"Insurance companies who do business by

574

agencies at a distance from their principal place of business are responsible for the acts of the agent within the general scope of the business intrusted to his care, and no limitations of his authority will be binding on parties with whom he deals which are not brought to their knowledge.

"Hence, when these agents, in soliciting insurance, undertake to prepare the application of the insured, or make any representations to the insured as to the character or effect of the statements of the application, they will be regarded, in doing so, as the agents of the insurance companies, and not of the insured. * * *

"To permit verbal testimony to show how this was done by the agent does not contradict the written contract, though the application was signed by the party. It proceeds on the ground that it was not his statement, and that the insurance company, by the acts of their agent in the matter, are estopped to set up that it is the representation of the assured."

Justice Miller, in delivering the opinion of the court in this case, quoted with approval from the Fifth Edition of the American Leading Cases, vol. 2, p. 917, as follows:

"By the interested or officious zeal of the agents employed by the insurance companies in the wish to outbid each other and procure customers, they not unfrequently mislead the insured, by a false or erroneous statement, of what the application should contain, or, taking the preparation of it into their own hands, procure his signature by an assurance that it is properly drawn, and will meet the requirements of the policy. The better opinion seems to be that, when this course is pursued, the description of the risk should, though nominally proceeding from the insured, be regarded as the act of the insurers."

The issues presented by the pleadings and the evidence having been determined adversely to defendant by the jury, the motion for new trial is denied.