FRANK RUSSELL, Plaintiff in Error, v. LIFE & CASUALTY INS. CO., Defendant in Error.

Eastern Section. July 26, 1930.

S. E. Hodges, of Knoxville, for plaintiff in error.
A. Y. Burrows, of Knoxville, for defendant in error.

SENTER, J. This is a suit commenced before a Justice of the Peace in Knox county, Tennessee, on a policy of life insurance on the life of Caroline Russell, for the principal sum of $250 and the statutory penalty of twenty-five per cent. The suit resulted in a judgment in favor of plaintiff below for the sum of $250. The defendant, Life & Casualty Ins. Co., appealed from the Justice of the Peace judgment to the Circuit Court of Knox county, and the case was tried before the circuit judge without the intervention of a jury, resulting in a judgment in favor of plaintiff for the sum of $250. The defendant below moved for a new trial, setting forth in the motion several grounds. This motion was taken under advisement by the trial judge, and before it was disposed of the defendant below filed an additional

ground for its motion for a new trial, and in which a special provision of the policy limiting the liability where death resulted within two years from certain causes to the amount of the premiums paid thereon, was relied upon under the recent holding of the Middle Section of this court in the case of Life & Casualty Ins. Co. v. Norman A. Hall, applied and construed this provision of the contract. Whereupon, the trial judge, upon the strength of that authority granted the motion for a new trial, and at a subsequent hearing rendered judgment in favor of plaintiff below and against the defendant below for the sum of $12.75 and the costs. The plaintiff below made a motion for a new trial, which motion was overruled by the court, and from this action of the court the plaintiff below was granted an appeal in the nature of a writ of error to this court, which appeal has been duly perfected and errors assigned.

There is practically no conflict in the evidence on the material facts. It appears that the plaintiff below, Frank Russell, on the 24th day of May, 1928, signed an application for a policy of insurance at the solicitation of the insurance agent of the defendant below, on the life of his minor child, Caroline Russell. It appears that upon this application the defendant below issued the policy sued on under the industrial insurance plan, which does not require medical examination. It also appears that at the time the soliciting agent solicited the application for this insurance the agent was informed that this child had previously suffered from an attack of rheumatism, and that this attack resulted in some heart affection. The condition of Caroline Russell was fully disclosed to the agent soliciting the application, but the facts were not set forth in the application signed by the father, Frank Russell. It appears that he signed the application before it was filled out upon the assurance of the soliciting agent that it would be properly filled out and the questions answered in accordance with the statements made to the agent.

The insured died in about one year after the issuance of the policy, from heart trouble. The insured was afflicted with and suffering from this disease at the time the policy was issued and delivered. At the time the soliciting agent solicited the application for this insurance the plaintiff below and his mother informed the agent of the trouble and sickness and true condition of the insured, and the insurance agent made a written memorandum of this information in a note book, and represented to the father, plaintiff Frank Russell, that he would write the company the full facts and if the application was not accepted that it would not cost anything. Later the policy was delivered to plaintiff below.

The proof of death furnished by plaintiff below contained the statement of the attending physician in the form of a certificate of death, and from which it appears that the death resulted from endocorditis-

nephritis-hypertrophy heart. This certificate also shows that this resulted from a case of rheumatism caused by infected tonsils. This physician stated that he attended this patient about two years prior to the death. On this subject he stated as follows: "Q. Had you previously attended deceased? If so, when? Yes. For what? (Heart) Endocorditis." And from the certificate it appears that he attended the patient for this illness about two years prior. This certificate of the attending physician was dated December 13, 1929.

The provision in the policy upon which the trial judge based his opinion that under the facts the recovery would be limited to the amount of the premiums paid, under the head of "Limitation of Insurance" is as follows:

"Limitation of Insurance:—If death of insured occurs within two years from date of the issuance of this policy, the liability of the company under same shall be limited under the following conditions, to the return of the premium paid thereon: (1) If the insured before its date has been rejected for insurance by this or any other company, order or association, or has been attended by a physician for any serious disease or complaint; or has had before its date any pulmonary disease or chronic bronchitis, or cancer, or disease of the heart, liver, or kidneys; or (2) (here follows a provision with reference to death by suicide.)"

By the several assignments of error appellant contends that there is no evidence to support the judgment of the court, limiting the recovery to the amount of premiums paid, and not rendering judgment for the full amount of the policy, $250, and also the twenty-five per cent statutory penalty for the alleged wilful refusal of the defendant to pay the face value of the policy. This contention is based upon the fact that the true condition of the insured was fully disclosed to the soliciting agent who procured plaintiff to apply for the insurance, and that the defendant, therefore, had full knowledge of the true condition of the insured at the time it accepted the application and issued and delivered the policy of insurance sued on, and having accepted the application and issued the policy, while in possession of the true facts, and having accepted the premiums therefor that it was estopped to deny liability for the amount of the policy sued on, or to invoke the provision of "Limitation of Insurance" relied upon at the trial of the cause.

Numerous cases and authorities are cited in support of the contention made by appellant to the effect that the soliciting agent is the agent of the insurer and not of the insured; that facts within the knowledge of the agent, or where a full disclosure of the true facts are made to the soliciting agent, that such knowledge is imputable to the principal, the insurer. (Chapter 442, Acts of 1907; Moak v. Insurance Co., 4 Tenn. App., 288; Ins. Co. v. Hancock, 106 Tenn., 513;

Ins. Co. v. Whitaker, 112 Tenn., 151; Hale v. Woodman of the World, 143 Tenn., 555.)

These cases and authorities announce the principal that the soliciting agent is the agent of the insurer; that material facts communicated to the agent at the time the application is taken, and by which full disclosure is made to the agent, convey knowledge imputable to the insurer, and that under such circumstances the insurer is presumed to have waived the conditions and to have accepted the applicant for insurance with knowledge of the true facts, and hence is estopped to deny liability on the ground of having procured the insurance by false representations.

However, in the present case the insurance company does not deny liability for any amount, but relies upon a limitation of liability which is made a part of the contract of insurance. It is not the contention of the defendant insurance company in the present case that because of misrepresentations as to the state of health of the insured and the procurement of the insurance by the misrepresentations as to the state of health, that the policy sued on is void. But it is the contention of appellee, the insurance company, that the measure of liability is controlled by the provision under the heading of "Limitation of Insurance." It is to be noted that if death occurs from any of the causes mentioned in this provision of the contract, within a period of two years from the date of the issuance of the policy that the limitation of insurance applied. Under this provision if the insured had lived beyond the period of two years the insurance company would have been liable for the amount of the policy notwithstanding any misrepresentations as to the state of health, or notwithstanding that the death was the result of any of the diseases mentioned in the provision.

This identical clause in the policy was before the Middle Section of this court for construction under facts very similar to the instant case in the recent case of Life & Casualty Ins. Co. v. Norman A. Hall, opinion by the Presiding Justice Faw, wherein it was said:

"The defendant through its counsel on the briefs and at bar, admits that the policy was in force at the time of the death of the insured, and does not question the sufficiency of the proofs of death furnished to it by the plaintiff, who was named as beneficiary in the policy.

"The contention of defendant is that the issue, or matter in controversy in the trial court, was the measure and amount of the verdict and judgment which plaintiff was entitled to recover against defendant; that is, whether plaintiff was entitled to a verdict or judgment for $402 as the trial court directed the jury, or for the aggregate amount of the premiums which had been paid on the policy; . . .

"There is, as we have seen, evidence that, before the date of the policy, the insured was ill with pneumonia, and was attended by a physician for that disease. In view of this evidence, and the fact that the insured died within two years from the date of the issuance of the policy, it is insisted for defendant that the case should have been submitted to the jury, and in this we concur, for if the jury had found that the attack of pneumonia, which the insured suffered as aforesaid, was 'a serious disease or complaint,' or a 'pulmonary disease' (or both), within the meaning of those terms as they are used in the limitation of the insurance clause of the policy, the defendant's liability would be limited by the terms of the policy to the amount of premiums paid by the insured. Whether or not the attack of pneumonia suffered by the insured prior to the date of the policy was in fact a 'serious disease or complaint,' or a 'pulmonary disease' within the contemplation of the policy was a question of fact for the jury to determine under proper instructions from the court." (Woodward v. Ins. Co., 104 Tenn., 49.)

"The proper construction of the policy contract was, of course, a matter of law for the court. . . ."

"But parties to a life insurance contract have the right to insert a lawful stipulation limiting the amount of insurance. A stipulation for a reduction of liability to a specified amount in case of the death of the insured within six months after the date of the policy does not contravene any statute or rule of public policy." (37 C. J., 384.)

". . . . The knowledge or lack of knowledge on the part of the insured or insurer prior to the issuance of the policy is not material in this case. The limitation of insurance clause provides how much shall be due and payable under circumstances named therein, and reliance by defendant thereon is not a contest of the validity of the policy, but rather an insistence upon the enforcement of the policy." (Scales v. Ins. Co., 155 Tenn., 412.)

We are of the opinion that the facts of this case bring it within the holding of the Middle Section of this court in Ins. Co. v. Hall, supra (above quoted). We are also of the opinion that this holding is well supported and is analogous to the holding in Clement v. Clement, 113 Tenn., 40, and cases therein cited. .

It results that we find no error in the judgment, and all assignments of error are overruled, and the judgment of the lower court is affirmed. The cost of this appeal will be paid by appellant and surety on the appeal bond.

Owen and Heiskell, JJ., concur.