LIFE & CASUALTY INS. CO. v. RUNNION.—90 S. W. (2d) 405.

Eastern Section. July 13, 1935.

Petition for Certiorari denied by Supreme Court, May 2, 1936.

McSween, Shepherd & Hurd, of Newport, for plaintiff in error.

Chas. C. McNabb and John C. Porter, both of Newport, for defendant in error.

McAMIS, J. This is a suit to recover on a life insurance policy, in the sum of $500, upon the life of Mrs. Lizzie Runnion, deceased. The company has appealed from the finding and judgment of the circuit judge, sitting without the intervention of a jury, allowing a recovery for the amount of the policy together with interest and the statutory penalty of 25 per cent.

The policy contains the following provision:

"Within two years from the date of issuance of this policy, the liability of the company under same shall be limited under the following conditions, to the return of the premiums paid thereon: (1) If insured before its date has been rejected for insurance by this or any other Company, Order or Association, or has been attended by a physician for any serious disease or complaint; or had before its date any pulmonary disease or chronic bronchitis, or cancer or disease of the heart, liver or kidneys; . . ."

The application for the policy was taken by the agent for the company on July 9, 1931, and a payment of $1 made at that time to the agent. The policy bears date of July 27, 1931. Mrs. Runnion died on August 23, 1931.

Mrs. Runnion having died within less than two years after issuance of the policy, the company invokes the aforestated provision and, by special plea, asserts that Mrs. Runnion was never insured under the policy because she "had been attended by a physician for treatment of the disease of appendicitis or acute influenza, and/or, pulmonary tuberculosis, and/or pellagra, and suffered from or had prior to said date of said policy said above mentioned diseases and especially the disease of tuberculosis."

The parties may validly contract that the policy shall be void if before its date insured has had any one of certain specified diseases

or has been attended by a physician for any serious disease or complaint. Russell v. Life & Casualty Ins. Co., 12 Tenn. App., 205; 37 C. J., 405.

Such a provision in the policy is similar to a provision that the liability of the company will be limited to a return of the premiums paid if insured was not in sound health at the time of the issuance of the policy. The legality and binding effect of such a provision has been sustained in Tennessee. American Nat. Ins. Co. v. Taylor, 13 Tenn. App., 134; American Nat. Ins. Co. v. Smith, 18 Tenn. App., 222, 74 S. W. (2d), 1078; Metropolitan Life Ins. Co. v. Chappell, 151 Tenn., 299, 269 S. W., 21; Life & Casualty Ins. Co. v. King, 137 Tenn., 685, 195 S. W., 585.

Plaintiff Hugh Runnion, husband of the deceased insured, testified that he thought his wife was in good health up until the time of her death; that she became ill on Saturday before she died on Sunday with something like pneumonia. There is evidence in the record contradicting the claim that Mr. Runnion believed his wife to be in good health up until the day before her death.

However, this is not a suit to rescind the contract for fraud or misrepresentation in procurement, and the knowledge or lack of knowledge of insured is not material if, as a matter of fact, conditions existed which bring the case within the provision of the policy limiting the amount of recovery to the premiums paid.

Dr. McGaha, testifying for the insurer, stated that he examined Mrs. Runnion in June and July, 1930; that he saw her on four occasions during that time; that he detected rales in her lungs, which were still present when the patient was placed in the care of another physician; and that he believed Mrs. Runnion was suffering with tuberculosis and so advised her husband. He further stated that there was no other ailment which would have manifested the symptoms of tuberculosis over a period of four weeks and that he treated her for that disease. This was about twelve months before the policy was issued and about thirteen months before her death.

Dr. Valentine testified that he found Mrs. Runnion suffering from pellagra and treated her for it in September and October, 1930. He classified pellagra as "a serious disease." He didn't examine her particularly for tuberculosis, but stated that he did not detect anything to lead him to believe that she had tuberculosis.

There is no medical evidence to refute the testimony of Dr. Valentine that Mrs. Runnion was afffflicted with pellagra. Moreover, his testimony with respect to tuberculosis is negative, and there is no real conflict between his statement that he did not find evidence of tuberculosis and Dr. McGaha's positive testimony that he found symptoms of tuberculosis which led him to believe that she was afffflicted with that disease in June and July, 1930.

Dr. Holland testified that pellagra was considered a serious disease and complaint, as did Dr. Valentine, and there is no proof to the contrary.

Of the disease of pellagra, Judge Thompson, speaking for this court in American National Ins. Co. v. Taylor, 13 Tenn. App., 134, 139, 140, said:

"It is known as a major disease and more often proves fatal than curable. . . . In the late summer or early fall the symptoms and manifestations disappear and the patient is apt to think that he has recovered. But the next spring the symptoms and manifestations appear again—generally worse than the year before. . . .

"It is equally clear that pellagra is a major disease, so grave, important and serious as to affect the general soundness or healthfulness of the system and to weaken and undermine the constitution."

In that case, the policy provided that it should not become binding until delivered to insured while in good health, and recovery was denied because insured was shown to have been suffering with pellagra at the time of the delivery of the policy.

██ ██ We are of opinion that the evidence preponderates against the findings and judgment of the court below and that the weight of the evidence shows that Mrs. Runnion had pellagra, and perhaps tuberculosis, within two years prior to the date of the policy. Either must be classified as "a serious disease or complaint."

Under this view of the case other questions raised by the assignments of error need not be reviewed.

The judgment below must be reversed, and the suit dismissed, with costs.

Portrum and Ailor, JJ., concur.