MILTON H. GANS, as Executor of MORRIS F. HOCHSTADTER, Deceased, Appellant, v. ÆTNA LIFE INSURANCE COMPANY OF HARTFORD, CONNECTICUT, Respondent

Insurance (life) — construction of policies — suicide clause in term policy and policy thereafter issued in place thereof — when such clause binding upon the insured.

1. Where a policy on the life of a person, issued by a life insurance company, upon an application signed by the insured, is delivered to and accepted by him, the intent of the insured and the company existing at that time, as expressed in the policy, binds and obligates both of the parties. Presumptively, their intent is expressed by the natural and ordinary meaning of their language referable to it and such meaning cannot be perverted or destroyed by the courts through construction. Where the parties by their words have left no reasonable and fair reason for doubt, there is no just or defensible excuse for construction.

2. The defendant life insurance company issued to plaintiff's testator a so-called "term policy," insuring his life for the term of five years, containing a clause to the effect that if the insured should

commit suicide within one year from the date thereof, the policy should be void, with the privilege, among other options, that said policy might " be exchanged without medical re-examination for a new policy upon any plan then in use by said company on payment of the premium required for such new policy for the insuring age then attained by the insured." The insured under such option made a written application for a new policy and therein agreed that the statements and answers in the application for the term policy " shall be the basis of the new contract or policy herein applied for and form a part of the same, except that the kind of policy, amount of the same and the premium thereon shall be specified as stated below." In accord with such application, which was made a part of it, the policy sued upon was issued. In it the insured and the defendant agreed: " If the insured shall commit suicide within one year *from the date hereof* while sane or insane, this policy shall be null and void." Within a year the insured committed suicide; the defendant refused to pay the policy and the executor of the insured brought this action upon the policy. *Held*, that the plaintiff cannot recover; that the policy issued under the option and in force at the death of the insured was in form and substance an independent, complete and isolated contract having no dependence on or connection with the term policy; that the stipulation in regard to suicide is a rigid and certain agreement, without reference to the other options not exercised, which the courts have no right or power to change.

*Gans* v. *Ætna Life Ins. Co.*, 161 App. Div. 250, affirmed.

(Argued December 16, 1914; decided February 25, 1915.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered March 19, 1914, upon an order reversing a judgment in favor of plaintiff entered upon a decision of the court. at a Trial Term, a jury having been waived, and directing a dismissal of the complaint.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Ira Skutch* and *Herbert H. Maass* for appellant. The original term policy issued on April 5, 1907, and the policy in suit dated April 5, 1912, are one entire contract between

the insured and the defendant, and accordingly, in determining the rights and obligations of the respective parties to these agreements, they must be read together as one entire instrument. (*Dannhauser* v. *Wallenstein*, 169 N. Y. 199; *Barry* v. *Brune*, 71 N. Y. 261; *Connecticut M. L. Ins. Co.* v. *Campden*, 11 N. Y. Supp. 103; *McDonnell* v. *A. G. Life Ins. Co.*, 85 Ala. 401.) Having resort to the original application by the insured, and to the policy written and issued thereunder, and to the subsequent application for the conversion of that policy, and construing all these instruments together, the trial court properly arrived at the only conclusion which could reasonably and logically be applied, namely, that the inclusion of this incontestability clause and of the suicide clause in the life policy was not intended by the insurer or by the insured to have effect from the date of issuance of that policy, but must be deemed to have been fully performed by the insured under the identical clauses which appeared in the term policy. (*Hay* v. *Star Fire Ins. Co.*, 77 N. Y. 235; *I. Ferry Co.* v. *Am. Fidelity Co.*, 207 N. Y. 350; *Cole* v. *K. L. Ins. Co.*, 63 How. Pr. 442; *G. M. L. Ins. Co.* v. *Hogan*, 80 Ill. 35; *Teeter* v. *U. S. Life Ins. Co.*, 159 N. Y. 411; *Vetter* v. *M. N. L. Assn.*, 29 App. Div. 75; *Cowles* v. *C. L. Ins. Co.*, 63 N. H. 300.)

*Keyes Winter* for respondent. The "ordinary life" policies sued upon were novations, and their substitution for the old "term" policies extinguished all the obligations incurred by both parties under the old contracts, and created new and different obligations from the date of their execution. (*Izzo* v. *Luddington*, 79 App. Div. 272; *McDonnell* v. *A. G. L. Ins. Co.*, 85 Ala. 401; *Leftwitz* v. *Royal Ins. Co.*, 91 Md. 596; *Thompson* v. *Southern Mut. Ins. Co.*, 90 Ga. 78; *Teeter* v. *U. S. Life Ins. Co.*, 159 N. Y. 411; *Pac. Mut. Ins. Co.* v. *Galbraith*, 115 Tenn. 471; *Great West. Life Ins. Co.* v. *Snavely*, 206 Fed. Rep. 20.)

COLLIN, J.   The action is upon two policies of insurance, issued by the defendant upon the life of Morris F. Hochstadter, payable upon his death to his executor. Inasmuch as the policies are identical in form and the facts applicable to each policy are the same, to preserve clearness and precision, they will be considered as one policy.   The policy in suit, dated and issued April 5, 1912, provided that " if the insured shall commit suicide within one year from the date hereof, while sane or insane, this policy shall be null and void."   Hochstadter committed suicide December 20, 1912.   Those facts, considered by themselves, establish that the plaintiff could not recover.   (*Wright* v. *Mut. B. L. Assn.*, 118 N. Y. 237; *Bigelow* v. *Berkshire Life Ins. Co.*, 93 U. S. 284; *Reagan* v. *Union Mut. Life Ins. Co.*, 189 Mass. 555.)

The plaintiff seeks to reverse such result through the following facts:   On April 5, 1907, the company issued a so-called " term policy " insuring the life of Hochstadter for the term of five years and no longer, except (a) upon the expiration of the policy it might be renewed and continued for successive terms of five years each, until the insured had passed the insuring age of sixty years, by paying premiums as prescribed by an included table, or (b) upon any anniversary of its date it might " be exchanged without medical re-examination for a new policy upon any plan then in use by said company on payment of the premium required for such new policy for the insuring age then attained by the insured," or (c) be exchanged at any time within five years from its date for a then lawful policy of any kind issued April 5, 1907, by the company to be dated April 5, 1907, and issued at the insured's age at that date, on payment of a sum equal to the difference between the aggregate of the premiums then actually paid and the aggregate of the premiums the substituted policy would have earned from April 5, 1907, with interest, provided in either case of exchanged policies " the premiums required by such new policy shall

be paid on the date stipulated for payment of premiums under this policy, that the amount of insurance shall not be increased or the premium rate be less than required by this policy, and that application for such new policy be made and this policy returned " to the company before a default in premium and before its expiration. This term policy contained a suicide clause identical with that already quoted.

On April 3, 1912, the insured made, under the second above option, a written application to the company for a new policy and therein agreed that the statements and answers in the application for the term policy "shall be the basis of the new contract or policy herein applied for and form a part of the same, except that the kind of policy, amount of same, and the premium thereon, shall be as specified below." The application stated the kind of policy desired and certified in regard to the physical condition of the applicant, and requested " that the new policy contain the provision for disability." In accord with the application for the " new contract or policy," which was made a part of it, the policy sued upon was issued. The appeal presents the single question, did the two policies form a single contract made April 5, 1907, under which the suicide clause was at the death of the insured inoperative because the suicide was not within one year from April 5, 1907, as found by the Trial Term. The Appellate Division, reversing, found the contrary.

The intent of the insured and the company existing April 5, 1912, as expressed, binds and obligates both of the parties. Presumptively, their intent is expressed by the natural and ordinary meaning of their language referable to it and such meaning cannot be perverted or destroyed by the courts through construction. Where the parties by their words have left no fair reason for doubt, there is no just or defensible excuse for construction. (*Dwight* v. *Germania Life Ins. Co.,* 103 N. Y. 341; *Thompson* v. *Craft,* 238 Pa. St. 125; *Foot* v. *Ætna*

*Life Ins. Co.*, 61 N. Y. 571; *Kratzenstein* v. *Western Assurance Co.*, 116 N. Y. 54.) The application of this principle to the present case justifies the decision of the Appellate Division.

The policy in suit is dated April 5, 1912, and in it the insured and the defendant said: "If the insured shall commit suicide within one year *from the date hereof,* while sane or insane, this policy shall be null and void." This is a rigid and certain agreement from which no doubt or hesitation as to its meaning can spring. They also said: "This policy and the application herefor constitute the entire contract between the parties hereto * * *." It is and must be conceded that there is no language or stipulation within the policy or the application for it which conflicts with or affects the stipulations above quoted. A reference to the application in consideration of which the policy was issued is a strong confirmation of the integrity of those stipulations. It applies for a "new contract or policy," specifying the kind desired. The policy of April 5, 1912, is in form and substance an independent, complete and isolated contract. It expresses no dependence on or connection with the term policy. Nor was it a restatement of the contents of the term policy. The premium to be paid, and the rights, privileges, advantages and obligations of both parties under it are essentially and substantially different from those under the term policy. The contents of the policy do not disclose or suggest a reason why the plain meaning of the stipulations should be ignored or nullified.

The appellant asserts as a reason for such action that either of the options of the policy of April 5, 1907, which the insured did not exercise would, if exercised, have made April 5, 1907, the date of the present policy, and, therefore, the option which the insured did exercise and which expressly made the date of the present policy that of its issuance, should be, through construction, rewritten by the court, so as to provide that the date of the new

should be that of the old policy. Beyond skepticism, the parties agreed that the date of the new policy should be that of its issuance, and they so made it; that the old policy should be returned to the company and thereby terminated; that the premium payable was adapted to the kind of new policy selected by the insured and to his then insuring age, and should be paid "during the whole term of the policy," and that the term of the policy should be thirty-six years from April 5, 1912. We have not the right or power to compel the parties to do that which they agreed should not be done.

The judgment should be affirmed, with costs.

WILLARD BARTLETT, Ch. J., HOGAN, MILLER and CARDOZO, JJ., concur; CHASE and SEABURY, JJ., dissent.

Judgment affirmed.