## RESERVE LOAN LIFE INS. CO. v. ISOM.

No. 8276—Opinion Filed Jan. 8, 1918.

On Rehearing, April 16, 1918. Second Petition for Rehearing Denied July

30, 1918.

(173 Pac. 841.)

**1. Insurance—Life Insurance — Representations—Defense.**

Where a policy of life insurance provides that all statements made by the insured shall, in the absence of fraud, be construed as representations and not warranties, in order for representations made by the insured in an application to avail the insurer as a defense it must show, not only that the statements were not true, but that they were willfully false, fraudulent and misleading and made in bad faith.

**2. Same—Proof of Death—Effect.**

Proofs of death furnished an insurance company, while not conclusive evidence of the facts therein stated and subject to be explained or to proof that such statements are incorrect, furnish some evidence of the facts therein stated and are prima facie evidence in behalf of the insurer.

**3. Same — Age of Insured — Question for Jury.**

Where the proof of death furnished an insurance company shows the age of the deceased to be greater than stated in the application for the policy, such proof of death furnished some evidence as to the age of the insured, and the insurer is entitled to have the question submitted under proper instructions to the jury, who may give to such evidence the weight to which they think it entitled under the circumstances of the case.

**4. Trial—Direction of Verdict—Evidence.**

Even though the defendant offers no evidence in rebuttal, where defendant has denied plaintiff's case and the evidence introduced on the part of the plaintiff is of such a nature that men of ordinary intelligence might draw different conclusions therefrom, it is error for the court to instruct a verdict for the plaintiff.

(Syllabus by Rummons, C.)

Error from District Court, Cleveland County; F. B. Swank, Judge.

Action by Thelma Aline Isom a minor, by Mrs. C. G. Isom, guardian, against the Reserve Loan Life Insurance Company. Judgment for plaintiff, and defendant brings error. Affirmed on condition, and otherwise reversed and remanded for new trial.

W. A. Briggs, Guilford A. Deitch, and Frank G. West, for plaintiff in error.

Williams & Luttrell, for defendant in error.

Opinion by RUMMONS, C. This is an action instituted in the district court of Cleveland county by the defendant in error, hereinafter styled the "plaintiff," against the plaintiff in error, hereinafter styled the "defendant," to recover on a policy of life insurance. The defendant denied liability upon the ground that the insured made false statements in his application for the policy as to having consulted a physician prior to the application, and that the insured in the application made false statements as to his age. At the conclusion of the evidence of the plaintiff, the defendant demurred thereto, which demurrer was by the court overruled; the defendant saving an exception. The defendant then requested an instructed verdict, which request was refused by the court; the defendant excepting. Upon the motion of the plaintiff the court instructed the jury to return a verdict for plaintiff for the amount of the policy, to which defendant excepted.

The defendant complains of the overruling of its demurrer to the evidence of plaintiff and its motion for a directed verdict. It also complains of the action of the trial court in instructing a verdict for plaintiff. All of the assignments of error may be considered together.

The policy sued upon contains the following provision:

"This policy and the application herefor (a copy of which application is attached hereto) shall constitute the entire contract between the parties hereto. All statements made by the insured shall, in the absence of fraud, be deemed representations and not warranties."

The guardian of plaintiff, the wife of the insured, upon cross-examination testified that the insured had a year or two before making application for the policy consulted two physicians for a slight indisposition. Her evidence showed that the insured while consulting the physician went about his business as usual. The defendant contends that this evidence is sufficient to avoid the policy because of the falsity of the representations made in the application by the insured. Counsel for defendant in arguing this proposition treat the statements made by the insured in the application as warranties and not as representations. If the statements contained in the application for the policy in controversy could be construed as warranties, we have grave doubt whether such a consultation with a physician as was testified to by the guardian of plaintiff, for slight and temporary indisposition, would be in contemplation of the question answered by the insured in the application for the policy. The authorities upon this question are collated in a note to Metropolitan Life Insurance Co. v. Brubaker, 18 L. R. A. (N. S.) 362. It appears that the authorities are in conflict, but that a very respectable number of courts of last resort support the view that the question propounded in the application for life insurance as to consultation with a physician does not contemplate slight and temporary indisposition, and that a statement that the insured had not consulted a physician is not false within the contemplation of the application because of the consultation with a physician for a slight ailment. It is, however, unnecessary for us to determine to which of the divergent opinions upon this proposition we would adhere, and we do not determine that proposition. The policy itself construes the statements made by the insured in his application as representations and not warranties.

This court, in Continental Casualty Co. v.

Owen, 38 Okla. 107, 131 Pac. 1084, in construing the effect of statements in an application which were representations and not warranties, holds that the burden is upon the insurer to show that such statements are willfully false, fraudulent, and misleading. Mr. Justice Kane, who delivered the opinion of the court, says:

"As stated elsewhere in this opinion, under our statutes such statements must be construed as representations, and in order for misrepresentations in relation thereto to avail the insurer as a defense it must show that they were willfully false, fraudulent, or misleading."

In Mutual Life Insurance Co. v. Morgan, 39 Okla. 205, 135 Pac. 279, Commissioner Rosser, who wrote the opinion of the court, says:

"The statements of the application being representations only, and not warranties, plaintiff in error would have been required to prove, not only that the representations were not true, but that they were made in bad faith."

It seems to us that these two cases of our court dispose of the contention of the defendant as to the statements of the insured with reference to consultation with a physician. The defendant introduced no evidence, but relies alone upon the evidence elicited upon the cross-examination of the witness for plaintiff. Giving this evidence the construction most favorable to the defendant, it only tends to show that the statement made by the insured was untrue, but does not in the least tend to show that they were willfully false, fraudulent, or misleading, or made in bad faith. The burden was upon the defendant to establish the element of bad faith. Having failed to do this, it cannot complain of the action of the trial court in this particular.

The question of the misstatement of the age of the insured in his application presents more difficulty. In his application the insured stated that he was born on October 3, 1888. The plaintiff introduced the proof of death furnished the defendant in which it was stated by the guardian of plaintiff that the date of the insured's birth was October 3, 1887. The policy contained the following provision:

"If the age of the insured was misstated in the application on which this policy was issued the amount payable shall be the insurance which the premium paid would have purchased at the correct age of the insured."

This defense goes, not to the avoidance of the policy, but to the amount of the recovery. By the great weight of author-

ity, it is held that proofs of death furnished an insurance company, while not conclusive evidence of the facts therein stated, furnish some evidence of such facts and are prima facie evidence in behalf of the company. John Hancock Mutual Life Insurance Co. v. Dick, 44 L. R. A. 846, note, 851. In the note to the case last cited a large number of authorities are gathered. From them it appears that the well-established rule is that statements in the proof of death as to the age of the insured are not binding upon the beneficiary, but may be explained or shown to be incorrect. But the proof of death with the statements contained therein is considered some evidence of the facts therein stated. The guardian of plaintiff, the widow of the deceased, testified as to the circumstances under which the proof of death was signed by her. She said that she was ill, confined to her bed, and that she left the matter of filling out the proof of death to her attorney and her father, and that she did not read the proof of death before signing it.

We think the trial court invaded the province of the jury in instructing the verdict for plaintiff for the full amount of the policy. The defendant was entitled to have the jury pass upon the evidence before it, contained in the proof of death, as to the age of the insured, and the jury could give to such evidence the weight to which they thought it entitled under the circumstances surrounding the case. In the case of Continental Insurance Co. v. Chance, 48 Okla. 324, 150 Pac. 114, this court says:

"Even though the defendant offers no evidence in rebuttal, where defendant had denied plaintiff's case, and the evidence introduced on the part of the plaintiff to prove his case was of such a nature that men of ordinary intelligence might draw different conclusions therefrom, it would be error for the court to instruct a verdict."

In the instant case we cannot say as a matter of law that there was no evidence to show that the insured had misstated his age in his application for insurance. The rule as to the direction of a verdict is stated in the case of Moore v. First National Bank of Iowa City, 30 Okla. 623, 121 Pac. 626, as follows:

"The question presented to a trial court on a motion to direct a verdict is whether, admitting the truth of all the evidence that has been given in favor of the party against whom the action is contemplated, together with such inferences and conclusions as may reasonably be drawn therefrom, there is enough competent evidence to reasonably sustain a verdict, should the jury find in accordance therewith."

Applying this rule to the instant case, we think the issue should have been submitted to the jury under proper instructions, and that the trial court erred in directing a verdict for the plaintiff.

For the error indicated, the judgment of the trial court should be reversed, and the cause remanded for a new trial.

### On Rehearing.

Opinion by RUMMONS, C. Since the filing of the opinion in this cause, the defendant in error has moved the court for a modification of the opinion. It is prayed by the defendant in error that she be permitted to remit the difference between the amount she would be entitled to recover on the policy of insurance had the age of the insured been as stated in the application, and the amount to which she would be entitled had the age of the insured been as stated in the proof of death. Inasmuch as this cause was reversed upon the sole proposition that the real age of the insured was a question of fact for the jury, which should have been submitted to them, this was the only error appearing in the record: and as the question of age only went to the amount of recovery, if the record discloses sufficient matter by which the amount plaintiff in error offers to remit can be computed, we think the prayer of the defendant in error should be granted

The answer of the plaintiff in error recites that, because of the misrepresentation as to the age of the insured, it issued its policy for an annual premium of $26.06, and that the annual premium upon a policy of like amount, at the age which the plaintiff in error claims the insured was at the time the policy was issued, was the sum of $26.70. This being admitted, the amount that defendant in error offers to remit is a matter of simple computation. The defendant in error would be entitled to insurance in a sum in the same proportion to the sum of $1,500 as $26.06 bears to $26.70, to wit, the sum of $1,464.

Plaintiff in error, in response to the prayer of defendant in error to remit, contends that, as it was held in the original opinion that the proof of death constitutes some evidence in behalf of the insurer, it is entitled to have a complete retrial of the cause for the reason that a part of the proofs of death offered in evidence by the plaintiff in error as a part of the cross-examination of the defendant in error was rejected by the court. The trial court, however, committed no error in rejecting the offered evidence, since the plaintiff in error was not entitled to offer this evidence until the case of defendant in error was

closed. When defendant in error rested, plaintiff in error stood on its demurrer and offered no evidence. It cannot now therefore complain that defendant in error be allowed to remit to the amount which she would be entitled to recover under the state of the evidence most favorable to it.

If defendant in error shall within ten days from the filing hereof file a remittitur of her judgment to the sum of $1,464, with interest thereon at 6 per cent. per annum from October 2, 1914, the judgment of the court below should be affirmed; otherwise, said judgment should be reversed, and the cause remanded for a new trial.

By the Court: It is so ordered.