## AMERICAN NATIONAL INSURANCE CO. v. ROBINSON.

No. 11278—Opinion Filed Jan. 24, 1922.

Rehearing Denied Feb. 14, 1922.

(Syllabus.)

**1. Insurance—Application—Effect of False Representations.**

False representations or warranties in an application for insurance cannot be relied on by the insurer unless a copy of the application is attached to the policy as required by section 3467, Rev. Laws 1910.

**2. Appeal and Error—Affirmative Showing of Error—Necessity.**

Error is never presumed by this court; it must always be affirmatively shown by the record, and where this is not done, the judgment must be affirmed.

**3. Same—Theory of Plaintiff in Error—Correctness of Judgment.**

Where a party upon appeal contends the judgment of the trial court is erroneous for a certain reason, if the judgment is correct upon the party's own theory of the case, this court may affirm the judgment, without searching the record for other errors or

some other theory upon which the judgment might be erroneous.

Error from District Court, Oklahoma County; George W. Clark, Judge.

Action by Lucile M. Robinson against the American National Insurance Company on life insurance policy. Judgment for plaintiff, and defendant brings error. Affirmed.

H. G. Oliver, for plaintiff in error.

E. G. McAdams, for defendant in error.

McNEILL, J. This was an action commenced in the district court of Oklahoma county by Lucile Robinson against the American National Insurance Company to recover on a life insurance policy issued by the defendant upon the life of Laura A. Bird in the sum of $500 naming plaintiff as beneficiary. The policy contained the following provision:

"This policy and application therefor shall constitute the entire contract between the company and the insured and after one year from the date of issue shall be uncontestable for any cause whatsoever except for nonpayment of premium."

To this petition the defendant filed an answer, admitting it was a corporation, admitting it executed the policy on the 14th day of March, 1916, and pleading that the policy lapsed for nonpayment of premium on the 1st of March, 1918, and thereafter by fraudulent representations the company reinstated the policy and that the signature to the application for reinstatement was forged. To this answer the plaintiff filed a general denial.

Plaintiff offered certain evidence, and it was then stipulated: That the policy was reinstated on the 24th day of May, 1918, and premium paid thereon, and accepted by the company, and the policy was in force at the time of the death of Laura A. Bird on June 8, 1918, and proof of death was presented on the 14th day of June, 1918, and that the books of the company disclosed all these facts, and the amount of the policy had not been paid. The plaintiff then rested. The defendant proceeded to offer evidence, and the plaintiff objected to the introduction of any evidence for the reason the answer, after the stipulation and admission of the defendant, stated no defense to plaintiff's cause of action, and the court sustained the objection and directed the jury to return a verdict for plaintiff. Motion for new trial was filed and overruled, and from said judgment the defendant appeals.

Plaintiff in error admits that the policy contains the provision that the policy shall be uncontestable for any cause whatsoever except nonpayment of premium after one year after date of issuance of the policy, and cannot be contested after said date for false and fraudulent representations made in the application, as was decided by this court in the case of Metropolitan Life Ins. Co. v. Peeler, 71 Oklahoma, 176 Pac. 939. If we understand plaintiff in error's position, it is that the application for reinstatement and the reinstatement of the policy is tantamount to a new contract and the insurance company could set up fraud in obtaining the reinstatement at any time within one year after the reinstatement, as was held in the case of Pacific Mutual Life Ins. Co. v. Galbraith (Tenn.) 91 S. W. 204, and Gans v. Aetna Life Ins. Co. (N. Y. App.) 108 N. E. 443, L. R. A. (N. S.) 1915F, 703.

Without deciding in case a policy has lapsed for nonpayment of premium and an application for reinstatement is filed with the company and the company reinstates the policy, whether this is tantamount to the making of a new contract, if we admit that it is, would the defendant under those circumstances be entitled to introduce the application for reinstatement and prove that the representations were false and fraudulent or untrue? Section 3467, Rev. Laws 1910, provides:

"* * * Provided, further, that every policy, which contains a reference to the application of the insured, either as a part of the policy or as having any bearing thereon, must have attached thereto a correct copy of the application, and unless so attached the same shall not be considered a part of the policy or received in evidence."

If we treat this as a new application and the reinstatement tantamount to a new contract, under this statute, the application not being a part of the policy, although the policy refers to the application for reinstatement, the plaintiff in error could not introduce the same in evidence, nor can it be considered a part of the policy, because a copy of the application was not attached to the policy. If plaintiff in error desired to reserve the right to contest the statement made in the application, it was its duty to follow the statute and make said application a part of the policy and attach a copy thereto,

otherwise they would not be entitled to introduce the same in evidence. This is the only position contended for by plaintiff in error; so, if we admit that position is correct, still the court did not err in sustaining the motion, for the reason the application was not attached to the policy nor made a part of the policy, nor is it even attached to the answer.

The Supreme Court of Iowa, in the case of Goodwin v. Provident Savings Life Assurance Soc. of N. Y., 66 N. W. 157, 32 L. R. A. 473, in the fourth syllabus, stated as follows:

"False representations or warranties in an application for insurance cannot be relied on by the insurer, if a copy of the application is not attached to the policy as required by McClain's Code, § 1733."

As stated by this court in the case of Bunker v. Harding, 70 Oklahoma, 174 Pac. 749:

"Error is never presumed by this court. It must always be affirmatively shown by the record, and, where this is not done, the judgment must be affirmed."

Under plaintiff in error's theory of the case the judgment of the court would be correct, and under its own theory it was not entitled to introduce this evidence.

For the reasons stated, the judgment of the court is affirmed.

PITCHFORD; V. C. J., and KANE, JOHNSON. ELTING, and NICHOLSON, JJ., concur.