## MISSOURI STATE LIFE INS. CO. v. JENSEN et al.

No. 18748. Opinion Filed June 11, 1929.

Rehearing Denied Oct. 29, 1929.

Keaton, Wells & Johnston, Bowling & Farmer, Allen May, and F. H. Maughmer, for plaintiff in error.

Blanton, Osborn & Curtis. for defendants in error.

CULLISON, J. This is an action to cancel a life insurance policy issued by the Missouri State Life Insurance Company, plaintiff in error and plaintiff in the court below, to John G. Jensen, who allowed the same to expire for nonpayment of premiums, and upon written application said policy was reinstated.

John Jensen died before the trial, and his beneficiary filed a cross-petition asking for the amount of the policy. The case was also revived in her name as executrix. The only grounds for cancellation alleged in the plaintiff's petition was a fraudulent statement in the application for reinstatement, which application was not attached to or made a part of the policy.

A jury was duly impane'ed and sworn, and thereupon the defendant, Jennie Jensen, objected to the introduction of any testimony by the plaintiff under the pleadings herein, on the ground that an application for reinstatement must be attached to a policy in order to introduce it in evidence for the purpose of showing fraud by the statements made therein, and the court, being fully advised, sustained said objection, to which the plaintiff then and there duly excepted, from which ruling of the court the plaintiff appeals.

The po'icy upon which this action is predicated is the same and identical policy issued to defendant, intervener's deceased husband. The intervening defendant in error is the wife of deceased insured and is named in said policy as the beneficiary. The husband during his lifetime permitted the policy to lapse. Later on, the husband applied to be reinstated under the terms of the policy contract. It is evident that the husband complied with all the terms of the policy contract and was on the 2nd day of June, 1925, reinstated and thereby entitled to all the rights and benefits arising therefrom.

The only question in this case for judicial determination is whether or not an application for reinstatement must be attached to a policy in order to introduce it in evidence for the purpose of showing fraud by the statements made therein.

Webster in his New International Dictionary defines "reinstate": "(1) To instate again; (2) to place again in position or in a former state; (3) to reinstall (4) to reestablish." All of which relates to and means: To reinstate to a state from which one had been removed. Second meaning: "(1) to reinstate to a who'e or unity; (2) to renew."

To reinstate a policy holder or one who has allowed his policy to lapse does not mean new insurance or taking out a new policy, but does mean that the insured has been restored to all the benefits accruing to him under the policy contract, the original policy.

In this case the defendant made application to be reinstated; to renew the mutual and contractual obligations which existed under the policy contract sued on.

"A reinstatement of the policy. after default in the payment of premiums, by performance of conditions specified in the policy. continues in force the original policy and does not create a new one." Mutual Life Ins. Co. v. Lovejoy, 203 Ala. 452. 83 So. 591.

In Ruling Case Law, vol. 14. sec. 163, p. 990. the validity and effect of reinstatement is discussed in the following language:

"Where a revival of a forfeited life policy is assented to. the original contract is reinstated, with all its terms and the new terms expressed in the application for revival, and a provision in a life insurance policy that it shall be incontestable after one year applies to proceedings taken to secure reinstatement after default in payment of premiums, so that after the lapse of a year from reinstatement the policy cannot be avoided for fraud in securing it. although insured agrees in his appl'cation for reinstatement that the policy shal' be void if any statement is un-

true. Ordinarily, however, a reinstatement procured by fraudulent misrepresentations may be avoided. A representation by insured, in regard to the state of his health, in order to procure a renewal of his policy which had lapsed for nonpayment of premiums is not a continuing representation until the time that the renewal receipt is delivered. A person is 'killed' by an accident at the time his death occurs and not at the time of the accident, within the meaning of the constitution of an accident insurance society which provides that if a member is injured while in default in the payment of his dues, 'the delinquent member shall receive no indemnity therefor, nor shall his beneficiaries receive anything should he be killed during such period of delinquency,' so that liability exists for death after reinstatement from an injury during delinquency."

That part of section 6728, C. O. S. 1921, which affects a proper determination of this case and upon which the trial court based its ruling in sustaining the demurrer to the petition, reads:

"* * * Provided, further, that every policy which contains a reference to the application of the insured, either as a part of the policy or as having any bearing thereon, must have attached thereto, a correct copy of the application, and unless so attached the same shall not be considered a part of the policy or received in evidence."

Plaintiff in error contends the above provision of our statute has no application to the issue raised in this case, for the reason the statute does not require the application to be attached in cases wherein the applicant applies to be reinstated.

The policy in question in this case contains the following provision:

"Reinstatement: If any premium is not paid on the date when due, or within the period of grace, and this policy has not been surrendered, the company will reinstate the policy as of said due date at any time thereafter, upon evidence of insurability satisfactory to the company and payment of all arrears of premiums with interest, at the rate of six per cent. per annum, together with the payment or reinstatement, of any indebtedness on this policy on said due date, with interest, as aforesaid."

Section 6731, C. O. S. 1921, provides:

"* * * That the policy together with the application therefor, a copy of which application shall be indorsed upon or attached to the policy and made a part thereof, shall constitute the entire contract between the parties. * * *"

The above provisions of our statute are very similar to provisions in many states.

Construing the above provisions of our statute together with the provision in the policy relating to reinstatement, we hold, constitutes an entire contract between the parties.

The statute of Minnesota has a provision similar to that of Oklahoma:

"Section 71, c. 175, p. 430, of the General Laws of Minnesota for 1895:

"'Every policy which contains a reference to the application of the insured, either as a part of the policy or as having any bearing thereon, must have attached thereto a correct copy of the application'."

Iowa likewise has a similar provision to that of Oklahoma:

"McClain's Code, sec. 1733, which provides that:

"'All insurance companies or associations shall, upon the issue or renewal of any policy, attach to such policy or indorse thereon a true copy of any application or representations of the assured which by the terms of such policy, are made a part thereof, or of the contract of insurance or referred to therein, or which may in any manner affect the validity of such policy. The omission to do so shall not render the policy invalid, but if any company or association neglects to comply with the requirements of this section it shall forever be precluded from pleading, alleging or proving such application or representations, or any parts thereof, or not falsity thereof or any parts thereof in any action upon such policy. * * *'"

The Supreme Court of Iowa, in the case of Goodwin v. Provident Sav. Life Assur. Soc. of New York, 66 N. W. 157, in construing the above provision of the Iowa Code, held that the section above quoted "applies where the copy of an application for reinstatement attached to the policy omits the examiner's report contained in the original, and also a part of the statements made by the assured in regard to his previous physical condition, and incorrectly states the place to which notice of premiums shall be addressed."

Section 657 of the District of Columbia Code provides:

"Each life insurance company, benefit order, and association doing a life insurance business in the District of Columbia, shall deliver with each policy issued by it a copy of the application made by the insured, so that the whole contract may appear in said application and policy, in default of which no defense shall be allowed to such policy on account of anything contained in, or omitted from, such application." (31 Stat. at L. 1294,

chap. 854, as amended 32 Stat. at L. 534, chap. 1329.)

The Court of Appeals of the District of Columbia, in the case of Metropolitan Life Insurance Company v. Burch, 39 App. D. C. 397, held that the above quoted section of the District of Columbia Code "applies to an application for the renewal of a lapsed policy as well as to one for the original policy; and there is no error in excluding from the evidence a renewal application a copy of which was not so delivered."

In Metropolitan Life Ins. Co. v. Burch, above referred to, Chief Justice Shepard, in the body of his opinion, said:

"The question on which the case turned is raised by the assignment of error re'ating to the exclusion of the application for the restoration, revival, or renewal of the policy, and depends upon the effect of section 657 of the Code (31 Stat. at L. 1294, chap. 854, as amended 32 Stat. at L. 534. chap. 1329), which reads as follows: 'Copy of application to be delivered with policy. Each life insurance company, benefit order, and association doing a life insurance business in the District of Columbia shall deliver with each policy issued by it a copy of the application made by the insured, so that the whole contract may appear in said app'ication and policy, in default of which no defense shall be allowed to such policy on account of anything contained in, or omitted from, such application.'

"The contention of the appellant is that this section only refers to the original application for the po'icy, and is not intended to apply to an application for the restoration or revival of a policy after it has once lapsed for the nonpayment of premiums. The section was intended to remedy a mischief, and is to be given a reasonably liberal interpretation to that end.

"The purpose of the provision is that the insured shall be furnished with a copy of the application. upon the representations in which the validity of the policy and its binding force may be made to depend. The rule of public policy. defined, applies with equal force to an application which renews the original policy, and amounts to a new contract of insurance embracing the terms of the original, but dating from the time of the renewal. The effect of the new contract, evidenced by the terms of the original one and the renewal application, is dependent upon the truthfulness of the representations made in the renewal application. * * *

"We are of the opinion that section 657 applies equally to the application for the renewal of the policy as well us to the application for the original; and that there was no error in its exclusion."

A similar question presented by this appeal came before this court for adjudication, and was decided in the case of American National Life Insurance Company v. Robinson, 85 Okla. 64, 204 Pac. 269, wherein the court construed section 6728, C. O. S. 1921, above, in the following language:

"If we treat this as a new application, and the reinstatement tantamount to a new contract under this statute, the application not being a part of the policy, although the policy refers to the application for reinstatement, the plaintiff in error could not introduce the same in evidence, nor can it be considered a part of the policy, because a copy of the application was not attached to the policy. If plaintiff in error desired to reserve the right to contest the statement made in the application, it is its duty to follow the statute and make said application a part of the policy; and attach a copy thereto; otherwise, they would not be entitled to introduce the same in evidence. This is the only position contended for by plaintiff in error; so, if we admit that position is correct, still the court did not err in sustaining the motion, for the reason the application was not attached to the policy nor made a part of the policy, nor is it even attached to the answer."

It will be observed, the court in said opinion held:

"* * * Although the policy refers to the application for reinstatement, the plaintiff in error could not introduce the same in evidence, nor can it be considered a part of the policy. * * *"

When a policy holder is reinstated after complying with all the requirements of the policy, he is restored to all his rights under the policy contract. The act of reinstating is merely carrying out one of the provisions of the policy contract, and where the law requires that every policy which contains a reference to the application of the insured, either as a part of the policy or as having any bearing thereon, must have attached thereto a correct copy of the application to reinstate, we are of the opinion the application to reinstate is a very essential part of the policy, and under the holding of the Oklahoma court and the courts of many other states, the application for reinstatement must be attached to the policy.

In accordance with our views of the law above expressed, we hold that the trial court correctly ruled in sustaining the demurrer to the petition of the plaintiff. The judgment of the trial court is, therefore, affirmed.

MASON, C. J., LESTER, V. C. J., and

HUNT, HEFNER, SWINDALL, and ANDREWS, JJ., concur.

CLARK, J., not participating.

RILEY, J., absent.

Note.—See under (1) 14 R. C. L. p. 990. See "Life Insurance," 37 C. J. §244, p. 502, n. 30; §420, p. 621, n. 52.