## LINCOLN HEALTH & ACCIDENT INS. CO. v. COSLOW.

No. 21529. Opinion Filed July 6, 1932.

Rittenhouse, Lee, Webster & Rittenhouse, for plaintiff in error.

W. A. Smith and Harold D. Smith, for defendant in error.

ANDREWS, J. This is an appeal from a judgment of the district court of Oklahoma county in favor of the defendant in error, the plaintiff in the trial court, against the plaintiff in error, the defendant in the trial court. Hereinafter the parties will be referred to as they appeared in the trial court.

The action was to recover damages from the defendant for the wrongful conversion of two insurance policies which had been issued and delivered to the plaintiff by the defendant. One of the policies provided for compensation for sickness and the other for total disability. The defense was that the plaintiff had made false representations in the application for insurance as to his physical condition; that the plaintiff and the defendant had agreed that the policies should be canceled, and that the defendant had paid to the plaintiff the full amount of the premium paid by the plaintiff to the defendant; that the plaintiff had signed a written release of all liability on the part of the defendant, and that the plaintiff was not totally disabled within the meaning of the policies.

It is herein contended that the trial court erred in holding that the action was for conversion of the insurance policies rather than an action upon the contracts.

The language of the petition indicates that the action was one for conversion and not on contract, and notwithstanding the prayer of the petition, which under the decision of this court in Owens v. Purdy, 90 Okla. 256, 217 P. 425, is no part of the statement of the cause of action, we hold that the action was for conversion.

The evidence was conflicting as to whether or not the policies were voluntarily surrendered by the plaintiff, as to whether or not the plaintiff executed a written release of the defendant, and as to whether or not the plaintiff was totally disabled. Those were questions of fact to be determined by the jury under proper instructions, and the findings of the jury will not be disturbed by this court, for the reason that there was competent evidence reasonably tending to support them.

The defendant complains of the instructions given to the jury. We have examined those instructions under the rules stated in American Ins. Union v. Mead, 135 Okla. 93, 274 P. 475; American Ins. Union v. Woodard, 118 Okla. 248, 247 P. 398; American Nat. Ins. Co. v. Robinson, 85 Okla. 64, 204 P. 269; Reserve Loan Life Ins. Co. v. Isom, 70 Okla. 277, 173 P. 841; Shawnee Life Ins. Co. v. Watkins, 53 Okla. 188, 156 P. 181; Mutual Life Ins. Co. v. Morgan, 39 Okla. 205, 135 P. 279, and Continental Casualty Co. v. Owen, 38 Okla. 107, 131 P. 1084, and we find no reversible error therein.

Finding no error in the judgment of the trial court, it is in all things affirmed.

RILEY, HEFNER, CULLISON, SWINDALL, and McNEILL, JJ., concur. LESTER, C. J., and CLARK, V. C. J., absent. KORNEGAY, J., dissents.