**PIONEER RESERVE LIFE INS. CO. v. PARKS et al.**

No. 26728.   March 30, 1937.

M. M. Thomas, for plaintiff in error.

Norman H. Wright, for defendants in error.

HURST, J.   This is a suit by the beneficiaries of four "Family Emergency Policies" issued by the defendant to Burtin J. Hawkins on June 19, 1934. When he died on August 13, 1934, the insurance company refused payment on the ground that he had made the statement in his application that he was in sound health, when in fact he was suffering from arterial sclerosis, resulting in his death.

The application contained the following clause, in part:

"I warrant for myself and each person whose name appears in this application * * * that at the time of making this application each one is in sound health, body and mind, and I agree * * * that any misstatement herein, material to the acceptance of the risk, shall void the policy applied for, if issued. I agree * * * that this application shall be a part of the policy when issued."

The policy itself provided:

"The application for this policy shall by reference be a part hereof as much so as if printed in full herein, and all statements and representations therein contained shall be deemed warranties and any misstatements material to the acceptance of the risk shall void the policy."

The case was tried to a jury and verdict returned for plaintiffs, upon which judgment was rendered. The insurance company brings this appeal.

1. We must first determine if the state-

ments in the application were warranties. Section 10519, O. S. 1931, provides in part:

"The statements made in the application shall, in the absence of fraud, be deemed representations and not warranties: Provided, however, that the company shall not be debarred from proving as a defense to such claim that said statements are willfully false, fraudulent or misleading; and provided, further, that every policy which contains a reference to the application of the insured, either as a part of the policy or as having any bearing thereon, must have attached thereto a correct copy of the application, and unless so attached the same shall not be considered a part of the policy or received in evidence."

The record discloses that the application was not attached to the policy as required by this statute, but both the policy and application were introduced in evidence without objection by plaintiffs. The statute, however, provides that unless the application is attached to the policy, it (1) "shall not be considered a part of the policy or (2) received in evidence." The penalty is twofold and the waiver of the second restriction by failure to object to the introduction of the application does not waive the first restriction. Hence we cannot consider the application as part of the policy. American National Insurance Co. v. Robinson (1922) 85 Okla. 64, 204 P. 269. A fundamental requisite of a warranty is that it form part of the contract of insurance, and in order to become a part of the contract, under the foregoing statute, it must be contained in or attached to the policy itself. Vance, Insurance, pp. 389, 390, and cases therein cited. Since this was not done in the case at bar, the statements in the application cannot be considered as warranties, despite the language used.

2. Therefore, the statements in the application must be considered as representations, and in order to void the policy the insurance company must sustain the burden of proving such representations were willfully false, fraudulent, or misleading. Although the statute above quoted has not been complied with, the insurance company is not debarred from proving this as a defense. National Life & Accident Ins. Co. v. Roberson (1934) 169 Okla. 136, 36 P. (2d) 479. The statement that the insured is in good health. is a representation that in his opinion he is in good health. Therefore, if he was of the honest opinion that he was in sound health at the time he made the application, not knowing of serious latent diseases that may actually exist, such representation cannot be held to be willfully false, fraudulent, or misleading. United Ben. Life Ins. Co. v. Knapp (1935) 175 Okla. 25, 51 P. (2d) 963; Mid-Continent Life Ins. Co. v. House (1932) 156 Okla. 285, 10 P. (2d) 718, and numerous cases cited therein; National Life & Accident Ins. Co. v. Shermer (1932) 161 Okla. 77, 17 (2d) 401; National Aid Life Ass'n v. Persing (1936) 178 Okla. 522, 63 P. (2d) 35; N. Y. Life Ins. Co. v. Carroll (1932) 154 Okla. 244, 7 P. (2d) 440, and cases cited therein. Suffice it to say that the test is prescribed thus:

"A statement that the applicant is in good health is not held to mean that he is in perfect health, but that he is not aware of any disease of such serious nature as to permanently impair his health."

It is not within our province to weigh the evidence. The judgment will not be disturbed if there is any competent evidence to sustain the verdict of the jury. The record discloses that about a month before the issuance of the policy, the insured called his family physician, who examined him and found that he was suffering from extreme acites, shortness of breath, and edema of. the lower extermities. His testimony as to what he told the insured, however, is as follows:

"I told him that in my opinion he had a bad case of arterial sclerosis, but I thought we could relieve him."

The evidence further shows that he responded favorably to treatment and his condition so improved that he was attending his work in his grocery store at the time the application was made and the policy issued in June, 1934. One witness testified that he went fishing in July, about a month before he died, and appeared to be in good health and made no complaint of his illness. Considering the testimony in its entirety, in view of the doctor's statement that he thought he could relieve him, we find that there was competent evidence tending to support the verdict of the jury.

3. As a final proposition, plaintiff in error argues that the amount of recovery was excessive, as it was computed on the theory that the insured was 61 years of age at his death, when his nearest birthday was 62. There is no merit to this contention. The insured stated in the application that his age was 61, and the record shows that at the time of his death he would be in fact 61 at his nearest birthday. Nor can the defendants in error demand a different method of computation, as they are bound by the statements of the insured in the application. The judgment is affirmed.

OSBORN, C. J., and RILEY, PHELPS, and CORN, JJ., concur.