## AUSTIN MUT. LIFE INS. CO. v. DOERR.
### No. 4230.

Court of Civil Appeals of Texas. El Paso.
June 30, 1942.

Rehearing Denied Sept. 17, 1942.

Hart & Brown, of Austin, for appellant.

Moss & Moss, of LaGrange, for appellee.

PRICE, Chief Justice.

This is an appeal from a judgment of the District Court of Fayette County. H. L. F. Doerr, as Administrator of the estate of Max Wagner, deceased, sued defendant Austin Mutual Life Insurance Company on a policy of insurance payable to the estate of Max Wagner, deceased. Trial was before the court without a jury, judgment in favor of the plaintiff. Defendant prosecutes this appeal.

The facts herein are undisputed. The policy upon which plaintiff sued contained this provision: "This policy shall become null and void under any one or more of the following conditions, * * *. If the death of the insured shall occur by his own hand, whether sane or insane: * * *."

Defendant invoked this provision as a partial defense, admitting its liability for all premiums paid by the insured on the policy in the sum of $30.60.

Insured died October 31, 1939, as a result of a gunshot wound intentionally self-inflicted.

In May, 1930, Austin Mutual Life Insurance Association issued to insured a policy of insurance, No. IB-2401. The estate of the insured was the beneficiary, as was the case in the policy herein sued upon, the benefit payable was the sum of $1 received by assessment from each member of the class to which insured belonged, not to exceed $1,100. That policy contained the following provision: "In case of death of the insured, by his own hand, while sane or insane, within one year from date of this certificate, * * * this policy shall become null and void, and no liability shall exist on the part of this Association."

On May 7, 1934, the name of the Austin Mutual Life Insurance Association was duly and legally changed to Austin Mutual Life Insurance Company, the appellant here and defendant in the trial court. This was a mere change of name and, of course, its legal liabilities remained the same as before the change. After the change of name the defendant retained the character of mutual aid association.

On June 23, 1938, the insured made application to the defendant designated as an "application for transfer." The application was for a policy in the sum of $1,000 to replace the policy theretofore issued, No. IB-2401. Contained in this application was the following: "I hereby understand and agree that as soon as the Whole Life Specified Premium Policy herein applied for is issued it shall be in full force and effect, and at the same time the Austin Mutual Life Insurance Company shall be released from any and all liability under my death assessment insurance hereby exchanged and listed above, whether or not said death assessment policy, or policies, shall have been returned to the Company, and my said present death assessment policy, or policies, shall be automatically cancelled and void from the date of issuance of the new policy regardless of whether the current death assessment on same shall have been paid."

This application was signed by the insured and accompanied by policy No. IB-2401.

On June 24, 1938, the defendant granted said application and so advised the insured, mailing him policy No. MA-0257, the policy declared upon here. We have heretofore quoted the suicide clause in each of these respective policies.

The policy sued on recites that it was issued to replace death assessment policy No. IB-2401. Therein contained is the following statement: "I hereby understand and agree that this policy takes the place of and causes to become null and void my death assessment policy, or policies named on the first page hereof and accept this policy subject to the conditions and provisions contained herein."

This policy was signed by the insured.

Contrasting the suicide clauses in the two policies it is to be observed that No. IB-2401 limits the defense to one year; in No. MA-0257 it is not so limited.

It is not contended that in a policy of this character liability for death by suicide may not be limited.

Plaintiff (appellee) asserts the appeal presents but one question, stated as follows: "Did the two policies form a single contract made May 10, 1930, under which the suicide clause was at the death of the insured inoperative because the suicide was not within one year from May 10, 1930, as found by the trial court?"

We think that this is correct and that the defendant, in substance, assents thereto.

Defendant contends that the last policy, No. MA-0257, is the entire contract between the parties and governs here. In short, that the suicide clause limits its liability, and

same is entirely independent of and uncontrolled by the provisions of the original policy.

Plaintiff's position, restated, is that the policy No. IB-2401 and policy No. MA-0257 constitute the contract, that the death taking place more than one year subsequent to the date of the original policy, the suicide clause of the last policy does not apply.

Neither fraud nor mistake is relied upon.

The new policy, No. MA-0257, clearly provides that the same is the contract between the parties, and that the old policy, No. IB-2401, should no longer be the policy. The new policy was issued on an application setting forth that the policy sought should entirely abrogate the old policy.

In the case of Gans v. Ætna Life Ins. Co., 214 N.Y. 326, 108 N.E. 443, L.R.A. 1915F, 703, the New York court was presented with almost the identical question here presented. It was held that the policy substituted for the old policy governed; that the suicide clause in the last policy barred a recovery, and the suicide clause in the original policy was without effect.

In the case of Supreme Council v. Garrett, Tex.Civ.App., 85 S.W. 27, 28, writ refused, Judge Key lays down this proposition: "While a contract remains executory on both sides, an agreement to annul on one side is a consideration for the agreement to annul on the other, and vice versa."

There a certificate of insurance for $3,952 was surrendered for a new certificate for $2,000.

In the instant case there was an entire abandonment of the basis for the payment of premiums. The new basis was a fixed annual charge of $20.75 per annum. The old policy was on a dues assessment basis. As we understand the new policy, it was an absolute liability of the insurer in case of maturity. Under the old, reasonable diligence in collection of the assessments would have been a satisfaction thereof.

Supreme Lodge v. Mims, Tex.Civ.App., 167 S.W. 835, writ refused, was a case where it was sought to recover premiums after breach of the contract by the insurer. Plaintiff on application had a certificate of insurance issued in place of two other certificates of another class. It was held that plaintiff, on the breach, was only entitled to recover the premiums paid on the new policy, and not those paid on the two surrendered certificates.

The case of American National Insurance Co. v. Thompson, Tex.Civ.App., 186 S.W. 254, 256, is strongly relied upon by plaintiff as supporting the proposition that the two policies here are in fact one contract, and the death having occurred long after one year from the date of the first policy, the suicide clause contained in the second policy did not preclude full recovery here. In that case there was but one contract of insurance. The term insurance and the insurance coming into effect after expiration of the term were provided for in the same contract or policy. In fact, the latter insurance was provided for by a rider attached to the policy. The conditions in the term policy were specifically adopted as governing the insurance after the expiration of the term insurance. It was held that the suicide clause applied from one year from the date of the issuance of the policy.

We are of the opinion that the case is clearly distinguishable from the case here. Here, we have separate and distinct policies issued on different dates. The application and policy each distinctly providing that it should operate as a cancellation of the old policy.

In American National Ins. Co. v. Thompson, supra, in discussing the case of Gans v. Ætna Life Ins. Co., 214 N.Y. 326, 108 N.E. 443, L.R.A. 1915F, 703, in reference thereto it was said: "We do not see how any other decision could possibly have been rendered."

Plaintiff further cites the cases of Western & Southern Life Ins. Co. v. Shelby, 101 Ind.App. 1, 194 N.E. 197, and Ætna Life Ins. Co. v. Dunken, 266 U.S. 389, 45 S.Ct. 129, 69 L.Ed. 342, in support of his position. In these two cases the new policy was issued in pursuance of a contractual provision in the old. Here, there is a voluntary surrender of the old policy and the substitution of another.

In the case of Bankers Life & Loan Ass'n v. Pitman et al., Tex.Civ.App., 115 S.W.2d 1008, a question of fraud or misrepresentation was involved. Not so here.

In our opinion there was complete novation. In consideration of the new obligation assumed by the insurer, the insured released all obligations as to the old policy. The new policy became the measure of the rights of the insured. The facts have been fully developed.

It is ordered that the judgment of the trial court be reversed and judgment is here rendered that plaintiff recover from defendant the sum of $30.60.

WALTHALL, J., not participating.