ALLIED RESERVE LIFE INSURANCE COMPANY, a corporation, Plaintiff in Error,

v.

Hubert Morgan CRAGG, Jr., a minor by and through Hubert Morgan Cragg, his Father and Next Friend, Defendant in Error.

No. 38731.

Supreme Court of Oklahoma.

June 21, 1960.

As Corrected Sept. 19, 1960.

Rehearing Denied Sept. 21, 1960.

Application for Leave to File Second Petition for Rehearing Denied April 11, 1961.

Abernathy & Abernathy, Charles C. Baker, Shawnee, for plaintiff in error.

John A. Ladner, Jr., Fred Woodson, Jr., Tulsa, for defendant in error.

JOHNSON, Justice.

This action was brought in the Court of Common Pleas of Tulsa County, Okla-

homa, by Hubert Morgan Cragg, Jr., a minor, through Hubert Morgan Cragg, Sr., his father and next friend, against Allied Reserve Life Insurance Company of Oklahoma City, Oklahoma, to recover certain medical, surgical and hospital benefits under two policies of insurance issued by the defendant to the plaintiff on November 1, 1956, bearing policy number S–O–42–67. Plaintiff asked for $2,599, but reduced that sum by stipulation to $1,216.50. This was the amount of expenses allegedly accrued as a result of confinement at Hillcrest Medical Center in Tulsa, Oklahoma, which expenses arose out of an alleged accidental injury sustained by plaintiff on or about December 12, 1956. A jury trial resulted in a verdict and judgment in favor of plaintiff in the amount of $1,216.50, with eleven jurors concurring in the verdict.

Motion for a new trial was overruled, and exceptions allowed, resulting in this appeal.

For reversal the defendant's sole contention is that the trial court committed error in refusing to give its requested instruction No. 9 and in giving instruction No. 6.

The defendant argues that instruction No. 6 erroneously instructed the jury that misrepresentations, omissions, or concealment of facts by plaintiff on his written application would not defeat recovery on the policies unless such statements were fraudulent, especially since defendant (did not raise and) was not relying on the defense of fraud, but in line with its pleaded defense it was relying upon Secs. 3609 and 4407, subd. C, Oklahoma Insurance Code, Title 36, O.S.1951, as they appear in the Laws of 1957, page 365. That is, the sole defense alleged and proved was that the misrepresentations and concealments of fact by plaintiff on his written applications were material to the acceptance of the risk and hazard assumed, and that the company would not have issued the policies had the true health history of the plaintiff been disclosed on the written applications.

The plaintiff's counter proposition is that the trial court did not commit error in refusing to give the jury defendant's requested instruction No. 9, and that instruction No. 6 given by the trial court correctly and fairly presented the law of the case under the evidence.

■ Plaintiff concedes that under the general rule it was the duty of the trial court to submit by appropriate instructions the theory of the defense in accordance with the law and evidence where the evidence tends to support the same. Western States Grocery Co. v. Mirt, 190 Okl. 299, 123 P.2d 266. But plaintiff points to the facts in this case and the law governing the contracts of insurance as they existed at the time the insurance policies were issued, and asserts that by reason thereof the court's instruction No. 6 was a correct statement of the law as (then) applied to the facts.

The record discloses that the applications for insurance policies were made on October 30, 1956, and that the policies became effective and were issued on November 1, 1956; that the defendant breached the conditions of the policies by refusing to pay plaintiff's medical expenses during December, 1956 and January, 1957.

■ Defendant's appeal presents the single question of whether the intent to deceive by the insured plaintiff is a necessary element of defendant's defense. The statutes in force and effect and the case law existing in November, 1956, when the insurance policies were issued, determine and control that question. Oklahoma Cotton Growers' Ass'n v. Salyer, 114 Okl. 77, 243 P. 232. Therein in the first paragraph of the syllabus this Court said:

"The existing statutes and the settled law of the land at the time a contract is made become a part of it, and must be read into it.

"All contracts are formed to be construed in the light of the rules and principles of law applicable to the subject-matter of the transaction, and those rules and principles control the rights of the parties; the laws upon the subject of a contract are read into it and

become a part thereof to the same extent as though they were written into its terms.

"Where parties enter into a contract by virtue of authority derived from a certain act, and, in view of such rights as are created, defined, and conferred by such act, it is elemental that the rights of the parties must be construed by the provisions of the act.

"Where a contract is entered into under such provisions and conditions, and such contract is alleged to have been breached while such act is still in force, then, if any provision or terms contained in such contract, in violation of rights conferred by such act, which are remedied by a subsequent act, such subsequent act is void as to such provisions, and violative of section 15, art. 2 (Bill of Rights), of the Constitution, as tending to violate the obligation of contracts."

Section 3609, 36 O.S.1957, became effective on July 1, 1957, and was not in force at the time the insurance contracts (policies) were (issued) made. The corresponding former section was 36 O.S.1951 § 213, and was in force at the time of the issuance of the insurance policies herein, and in part (pertinent to the issues herein) provided:

"§ 213. Statements in application deemed representations and not warranties—Exceptions—Application not part of policy unless attached.—In any claim arising under a policy which has been issued in this State by any life insurance company, without previous medical examination or without the knowledge and consent of the insured, or in case said insured is a minor, without the consent of the parent, guardian, or other person having legal custody of said minor, the statements made in the application shall, in the absence of fraud, be deemed representations and not warranties: Provided, However, that the company shall not be debarred from proving as a defense to such claim that said statements are wilfully

false, fraudulent or misleading:
* * *"

And in considering Section 213, supra, we must also consider in connection therewith 36 O.S.1951 § 820 (Riley v. Cordell, 200 Okl. 390, 194 P.2d 857), which statute applied to the contracts herein and provided:

"§ 820. Statements in application. The falsity of any statement in the application for any policy covered by this Act shall not bar the right to recover thereunder unless such false statement was made with actual intent to deceive and unless it materially affected either the acceptance of the risk or the hazard assumed by the insurer."

Thus the law as reflected by these statutes (Secs. 213 and 820, supra) clearly required proof of actual intent to deceive, or deceit or fraud to avoid recovery under the insurance policies. There was no such showing in the instant case. In Continental Casualty Co. v. Owen, 38 Okl. 107, 131 P. 1084, 1088, this court said:

"* * * Indeed, it may be said that it is well settled that, to avoid a policy for misrepresentation, the false statement must have been made willfully and with intent to deceive, and must have been relied on by the insurer. * * *"

There are other Oklahoma cases holding that under the law as it existed at the time the policies herein were issued that representations made by the insured must be proved to be wilfully false, fraudulent, misleading and with intent to deceive to enable the insurer to avoid the insurance contract. New York Life Ins. Co. v. Stagg, 95 Okl. 252, 219 P. 362; Lincoln Health & Accident Ins. Co. v. Coslow, 158 Okl. 169, 12 P.2d 875, and Atlas Life Ins. Co. v. Eastman, Okl., 320 P.2d 397, and cited cases.

Instruction No. 6 reads as follows:
"Instruction No. 6

"You are instructed that all statements and descriptions in any applica-

tion for an insurance policy or in negotiations therefor by and in behalf of the insured shall be deemed to be representations and not warranties. In this connection, a representation is any direct and positive affirmation of a matter of fact as distinguished from a mere matter of opinion or judgment, made by the insured or in his behalf and designed to induce the action of the insuror and actually relied upon by the insuror in issuing the policy.

"Misrepresentations, omissions, concealment of facts and incorrect statements shall not prevent a recovery under the policy unless the statements are fraudulent. In this connection, in order that you find by a preponderance of the evidence that the statement was fraudulent, you must find that plaintiff made a material misrepresentation or omitted or concealed material facts, that it was false or the omission was meant to conceal, that when plaintiff made it, he knew it was false or meant to conceal or made it recklessly, that plaintiff made it or omitted it with the intention that it be acted upon by the defendant, that the defendant acted in reliance thereon, and that the defendant in good faith would not have issued the policy if the true facts had been known to the defendant.

"D excepts and allowed.

"(s) Paul A. Walker, Jr."

Thus the trial court's instruction No. 6 setting forth the requirement of proof of fraud or intent to deceive in statements made to avoid the policy correctly stated the law applicable in such cases as it existed when the policies were issued, and the refusal to give defendant's requested instructions and the giving of instruction No. 6 was not error, as the instructions when considered as a whole fairly stated the issues to the jury.

The defendant cites a number of cases from other jurisdictions tending to support their theory as applied to the statutes as they now exist, but we decline to pass upon the subsequently enacted statutes and hold without discussion that the contention of defendant that the law in this case is one of procedure rather than substantive is without merit.

The judgment is affirmed.

WILLIAMS, V. C. J., and HALLEY, BLACKBIRD, IRWIN and BERRY, JJ., concur.

JACKSON, J., concurs in result.

DAVISON, C. J., and WELCH, J., dissent.